## FREDERICK M. McCARTHY, ADMINISTRATOR, vs. THE CONSOLIDATED RAILWAY COMPANY.

Third Judicial District, Bridgeport, April Term, 1906.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

As between a street-railway car and a vehicle approaching from a side street neither has a paramount right of way. The drivers of each are bound to exercise reasonable care in view of all the attending circumstances, including the duty to slow up or stop, if necessary to avoid a collision.

The question whether each party has discharged this obligation is one of fact for the trier, whose conclusions must stand unless inconsistent with other primary or subordinate facts detailed in the record.

In the present case the trial court found the plaintiff's intestate guilty of contributory negligence, in attempting to proceed in the face of a rapidly advancing electric car. *Held* that there was nothing in the subordinate facts which was inconsistent with such conclusion.

A witness cannot be asked as to the contents of a written instrument

which is already before the court: the instrument itself is the best evidence of its contents.

Objections to an application to rectify an appeal under General Statutes, §§ 800, 801, should be stated and argued in the brief filed in opposition thereto; a motion to dismiss the application is unnecessary and improper.

Such an application will be entertained if the corrections sought have not otherwise been presented upon exceptions taken under §§ 795–797.

A deposition in support of such an application may be received by this court although it was not completed until the day before the opening of the term.

It is not essential that statements of fact in a finding should always be supported by direct evidence. It is enough if the circumstances fairly warrant the inference or conclusion stated.

Argued April 10th—decided May 3d, 1906.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate, brought to and heard in damages by the Superior Court in New Haven County, *Ralph Wheeler, J.;* facts found and judgment rendered for nominal damages only, from which the plaintiff appealed. *No error.*

The finding showed these facts : The intestate was driving an empty farm wagon across the defendant's track on Quinnipiac Avenue, in a thinly settled part of the town of New Haven, near Montowese, when the wagon was struck by an electric car, and his death was the result. The accident took place in broad daylight at the intersection of Smith and Quinnipiac avenues. The car was running on Quinnipiac Avenue toward Smith Avenue on a slight down grade, at the rate of about twenty miles an hour, when, at a distance of about 250 feet from it, the motorman saw the head of the horse which was drawing the wagon, approaching from Smith Avenue. He thereupon sounded his gong and shut off the electric power, but made no other effort to slacken speed. The horse was approaching at a walk, which gait was maintained until the intestate, seeing and hearing the car, pulled up, stopping the team with the horse's head from six to ten feet from the

McCarthy v. Consolidated Ry. Co.

nearest rail. There was nothing to prevent or interfere with his remaining with his team in that place till the car had passed by. The motorman saw him stop, supposed that he would remain where he was, and therefore allowed his car to proceed without applying the brake; but within a second or two after stopping, the intestate struck the horse quickly with the reins and urged it forward upon the track. The car was then from 75 to 100 feet away and in full view. The motorman immediately applied his air brake "at emergency," but the wheels slid on the rails. He then threw it off and applied the "power at reverse," before the collision occurred. At the time of the collision the speed of the car had thus been reduced to about twelve miles an hour. It was brought to a stop about 146 from the point of collision. The car had a good sand-box; but in the few seconds that elapsed between the starting forward of the horse and the collision, the motorman had no reasonable opportunity to use the sand and did not try to use it.

The ultimate conclusions reached by the court, on which the judgment was founded, were these :—

1. The speed of the defendant's car was dangerous under the circumstances of the situation. Though the plaintiff's intestate saw the car, and stopped his horse before he started to cross the track, the motorman was negligent in not reducing the speed of his car at once, as rapidly as possible.

2. When the motorman saw that the plaintiff's intestate intended to cross the track, he appears to have done all that could reasonably have been expected of him in the few seconds in which he had to act.

3. The plaintiff's intestate was guilty of contributory negligence.

*Charles S. Hamilton* and *Denis F. Walsh*, for the appellant (plaintiff).

*Harry G. Day*, for the appellee (defendant).

BALDWIN, J.   At highway crossings a street car has no paramount right as against any other vehicle approaching on the cross street.   The right attaching to each is equal and must be exercised with due regard to that attaching to the other, and so as not to interfere with or abridge it unreasonably.   It is not necessarily the duty of the driver of an approaching team to wait until the street car has passed, nor is it necessarily his right to push on and cut off its advance.   Each party must act reasonably under all the attending circumstances.   The driver of an ordinary vehicle can, under ordinary circumstances, be justified in proceeding, at a highway crossing, to go over a street railway in the face of an approaching car, when, and only when, he has reasonable ground for believing that he can pass in safety if both he and those in charge of the car act with reasonable regard to the rights of each other.   The duty to slow up or stop, if necessary to prevent a collision, rests equally on each party.

In practical effect these doctrines give any railroad car approaching a highway crossing what amounts to a right of precedence.   This follows from the rule respecting contributory negligence.   No man has the right to calculate close chances as to his ability to reach the track before the car, and throw the risk of injury on the other party.   As to whether the chances were close, however, and the railroad company were not the one really in fault, or whether the party injured did not push forward under circumstances of emergency which left him no time for calculation, will ordinarily be a question for the jury, or in case of a default, for the court in assessing damages.   *Lawler* v. *Hartford Street Ry. Co.*, 72 Conn. 74, 82, 43 Atl. 545.

The trial court has found, in the present case, that each party to the collision was in fault, and that the fault of the intestate contributed to the injury.   These conclusions were conclusions of fact, and must stand unless they are inconsistent with other primary or subordinate facts which have been specially set forth.   *Rohloff* v. *Fair Haven & W. R. Co.*, 76 Conn. 689, 693, 58 Atl. 5.

The facts of that nature on which the plaintiff relies, aside from those already mentioned, are that the body of the wagon was low, with a turning space of only about eight inches between it and the inner rim of the forward wheel; that Smith Avenue sloped slightly downward, at its intersection with Quinnipiac Avenue; that the view of one traveling over Smith Avenue, toward Quinnipiac, of the latter, was almost shut off by obstructions until he came within 50 feet of the railway tracks, and partially obscured until he came within 30 feet of them; that the accident occurred on a clear, warm day in October, when there had been no frost for forty-eight hours, and the tracks were in their usual condition; that the motorman had never run a car on this piece of the railway before that day; that he testified on cross-examination that by applying the brake, and on its failure reversing the power, he could stop such a car within ten feet, if the rails were in good condition; and that the conductor was not called as a witness by the defendant, nor any excuse shown for his absence.

The facts thus detailed were proper subjects of consideration by the trial judge. They were considered by him, and there is nothing in any or all of them not fully consistent with the judgment rendered.

The motorman testified for the defendant that he could not bring the car to a stop more quickly because the rails were slippery on account of leaves which lay upon them, and frost. On cross-examination he was shown a copy of the written report of the accident which he made to the company (and which it had been stipulated might be used in place of the original), and asked if it contained any statement that the rails were slippery, or anything as to leaves or frost.

The question was properly excluded. The paper occupied by stipulation the position of the original report, and was therefore the best evidence of the contents of that document.

An application was filed in this court to rectify the ap-

peal, by making certain changes in the finding, and was met by a written motion by the appellee for its dismissal.

Such a motion was unnecessary and improper.    All the objections which were brought forward by it were apparent on the face of the application, and the place to state and urge them was in such brief as might be filed in opposition to granting it.

One of these objections is that an application to rectify an appeal, under General Statutes, § 800, can only be made in cases where no remedy is afforded by General Statutes, §§ 795–797.

The matters as to which the appellant has asked us to rectify the appeal he has not otherwise presented upon exceptions, and we have therefore entertained his application.    *Adams* v. *Turner*, 73 Conn. 38, 47 note, 46 Atl. 247 ; *McCusker* v. *Spier*, 72 Conn. 628, 630, 45 Atl. 1011 ; *State* v. *Hunter*, 73 Conn. 435, 445, 47 Atl. 665.

A deposition taken in its support was not finished until the day before the opening of the term, and the appellee objected to its reception on the ground that it came too late.    An application of this character with all its incidents is in its nature so summary a proceeding that we have concluded to receive and consider the deposition.

The appellant asks us to strike out of the finding the statement that the intestate saw and heard the car before he stopped his team, because there was no direct evidence of it.    It was, however, a fair matter of inference from his opportunity to see and hear it.

Another statement which it was alleged was made upon no evidence is, that there was nothing to prevent his remaining where he stopped his team.    This, also, was a conclusion which could properly be drawn from the attending circumstances.

Nothing else in the application merits discussion, and it is denied.

There is no error.

In this opinion the other judges concurred.