JOSEPH O'CONNOR *vs.* THE CONNECTICUT RAILWAY AND LIGHTING COMPANY.

Third Judicial District, Bridgeport, April Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The failure to look for an approaching car before crossing a street-railway track is not always decisive of the question of due care. Whether that was exercised or not by the person injured must depend upon the circumstances of each case; the inquiry for the trier being whether it appears from all the evidence that the conduct of the party injured was that of a person of ordinary prudence.

The evidence in the present case reviewed and the action of the trial court, in refusing to set aside a verdict for the plaintiff, sustained.

Argued April 15th—decided May 25th, 1909.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Ralph Wheeler, J.;* verdict for $4,000 damages,

which the plaintiff, upon an intimation from the trial judge, reduced to $2,500 in order to avoid its being set aside, from the judgment on which the defendant appealed. *No error.*

*Harry G. Day,* with whom was *Thomas M. Steele,* for the appellant (defendant).

*Charles S. Hamilton,* with whom was *James F. Torrance,* for the appellee (plaintiff).

HALL, J. The jury having returned a verdict for the plaintiff for $4,000 for the physical injuries sustained by him from a collision between the defendant's electric street-railway car and a team driven by the plaintiff, the defendant moved that it be set aside "as contrary to the law and the evidence, and because the damages are excessive." The trial judge filed a memorandum of decision stating, in effect, that the verdict would be set aside as excessive in amount, unless the plaintiff filed a *remittitur* of a part of said sum and accepted a judgment of $2,500. The plaintiff filed a *remittitur* of $1,500, and the court thereupon denied said motion and directed judgment to be entered up for the plaintiff for $2,500. The defendant appeals upon the ground that the court erred in not setting aside the entire verdict.

The evidence certified to this court shows that the accident in question occurred between seven and eight o'clock, on a dark evening of October, 1906, on Derby Avenue in the town of Derby. Derby Avenue is a macadamized street, running, at this place, nearly north and south, the grade ascending slightly toward the north. It is about thirty-three feet wide between curbs, and the defendant's single electric street-railway track runs substantially in the middle of the street. There was an electric street-light about 400 feet south, and another about 800 feet north, of the place of the accident, and for a distance of some 400

feet from the place of the collision there was no obstruction to the view of an approaching car. The plaintiff, who was about fifty years old and was familiar with the place, while driving southerly an empty one-horse coal cart, and crossing the railway track diagonally from the easterly to the westerly side thereof, was struck by the defendant's closed electric car going north. The head-light and inside lights of the car were burning. There was a conflict of testimony as to the speed of the car, some witnesses testifying that it was going very fast, and others that it was moving at a moderate rate of speed, and there was also some conflict of testimony as to whether or not the car gong was sounded just before the collision.

The principal contention of the defendant is that the evidence either shows affirmatively that the plaintiff's negligence essentially contributed to cause his injury, or if not, that it at least shows a failure upon his part to sustain the burden which the law imposes upon him to prove that he was in the exercise of reasonable care at the time of the accident. In support of this claim the defendant says that the plaintiff himself testified at the trial that he did not look for an approaching car until he was on the track, crossing it from the east to the west side, and that he then saw the light of the electric car over two hundred feet away, and that though he whipped his horse with the reins, and tried to get across as fast as he could, he was unable to do so before the car struck him. This evidence, it is claimed, brings the case within the decisions in *Fay* v. *Hartford & Springfield Street Ry. Co.*, 81 Conn. 330, 71 Atl. 364, and other recent cases in which we have held that there was a failure of proof of due care by the plaintiff.

We held in *Fay* v. *Hartford & Springfield Street Ry. Co.* that, under an answer denying the averments of the complaint, in an action of this character, the jury were never at liberty to guess or surmise the existence of the claimed negligence of the defendant, or due care of the plaintiff; but

O'Connor *v.* Connecticut Ry. & Ltg. Co.

that the burden rested upon the plaintiff to prove them either by direct evidence, or by the proof of facts or circumstances from which they could fairly and reasonably be inferred; and that when upon the trial there was no evidence from which the jury could reasonably conclude that there was a preponderance of proof of the alleged negligence of the defendant, or of due care by the injured person, the court, if a nonsuit was not granted, should either direct a verdict for the defendant upon his request, or, if a verdict should be returned for the plaintiff, should upon motion set it aside as against the evidence.

While the statement of the plaintiff in the case before us, that he saw the light of the defendant's car when it was more than two hundred feet from him, and when he was already partly across the track, and yet was unable, though driving as quickly as he could, to cross before he was struck, ought to have been, and perhaps was, rejected by the jury as unreasonable, the question of whether the jury could fairly have found that the plaintiff exercised due care is not to be determined from this statement of his alone. Due care by one about to cross a street-railway track does not always require him to first look for an approaching car. The question of due care in such situations depends upon the circumstances of each case. The inquiry for the trier is: does it appear from all the evidence in the case that the conduct of the injured one was that of a person of ordinary prudence? As bearing upon that question in the present case, there was evidence that the plaintiff was first driving southerly on the right-hand or westerly side of the railway track; that before crossing to the east side he looked toward the south sufficiently to see a loaded team coming northerly, also on the westerly side of the track; that as the plaintiff's cart was empty he thought it proper, instead of turning to the west, his own right, and compelling the loaded team to turn to the east, its right, and onto the railway track, to himself turn to the east, his

left, and to cross or drive onto the track, and allow the loaded team to continue on the west side; that when he was crossing or had crossed to the east side of the track he looked to the south at least sufficiently to see a motorcycle approaching from the south on the east side of the track; that he then attempted to cross back to the west side, and then first noticed the approaching car, which struck him before he was able to cross back to the west side of the track. There was evidence that the motorman upon the platform of the car first slackened the speed of the car as the plaintiff's horse was on the east track rail, and that the motorman first observed the plaintiff's team when within two or three car lengths from it. The evidence is not entirely clear as to the precise point, with reference to the place of the collision, at which the plaintiff drove onto or across the track toward the east, or at which the motorcycle passed him, or whether the plaintiff crossed entirely or only partly over the track as he turned out for the loaded team. From all the evidence we are of opinion that the jury might fairly have concluded that, in the situation in which he was placed, the plaintiff exercised reasonable care, and that the defendant's motorman was negligent in not observing the plaintiff's danger and in not having his car under such control as to be able to stop it, sooner than he did.

There is no error.

In this opinion the other judges concurred.