## LOUIS FINE *vs.* THE CONNECTICUT COMPANY.

First Judicial District, Hartford, January Term, 1917.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

In driving across a street-railway track in the highway, one is only bound to make a reasonable use of his senses for his own protection; he is not obliged, at the peril of being deemed negligent, to make the utmost practicable use of them; and the reasonable use which common prudence requires depends upon the attendant circumstances.

The rights of a traveler in the highway are not subordinate or inferior to those of a trolley company; both must exercise the common right with due regard for the rights of each other, and each is entitled to act in the expectation of such reasonable conduct upon the other's part.

The plaintiff, who was driving a covered baker's wagon, testified that he stopped and looked back along the trolley tracks for a distance of one hundred and fifty feet, shortly before he reached the track, which crossed the highway diagonally, and that no car was then in sight. *Held* that if the jury believed this evidence, it was open to them to find that the plaintiff was in the exercise of ordinary prudence in driving across the track—although it was easily possible for him, had he extended his vision, to have seen an approaching car for a distance of eight hundred feet.

Where the plaintiff stopped, whether or not he then looked, and how far back his look extended, were questions for the jury; and having found these facts in favor of the plaintiff, as they might reasonably have done, it remained for the jury to determine whether or not such observation as was made constituted a reasonable precaution for the plaintiff's subsequent conduct, taking into account the mutual rights and duties of the parties as co-users of the highway.

Argued January 2d—decided January 25th, 1917.

ACTION to recover damages for injuries to the person and property of the plaintiff, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried to the jury before *Bennett, J.;* by direction of the trial judge the jury returned a verdict for the defendant, and from

the judgment thereon the plaintiff appealed. *Error and new trial ordered.*

In the early evening of November 10th, 1915, the plaintiff was proceeding northerly on the main highway from Glastonbury to Hartford, riding in a covered baker's wagon drawn by a single horse, when a trolley-car owned and operated by the defendant came into collision with his wagon, causing the injuries complained of. The collision occurred at a point where the defendant's tracks crossed the highway in a diagonal direction. South of this crossing they lie on the west side of the highway, and north of it on the east side. The plaintiff's wagon had a sliding door on each side at about the middle. At the time in question the plaintiff, as he testified, was sitting on the right-hand side of the wagon with the door on the left or westerly side open. He stopped as he approached the crossing. He testified that the point at which he stopped was about forty or forty-five feet from the crossing. Other witnesses placed it as near as fifteen feet. He says that he stuck his head out of the west door and looked back, seeing the tracks for one hundred and fifty feet toward the south, that he saw no car and heard none, and that he then started at a walk to go across the tracks. When he was upon them, the car, coming from behind and of whose presence he was unaware, struck his wagon. A traveler on the highway, at or near the crossing, has unobstructed view of the tracks to the south for about eight hundred feet. The speed of the car as it approached the crossing was variously estimated all the way from eight or ten to twenty miles an hour.

*Philip Roberts,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (defendant).

PRENTICE, C. J.   There can be no doubt that the plaintiff was entitled to go to the jury upon the issue as to the defendant's negligence.   The court below directed the verdict for the defendant upon the ground that the plaintiff had failed to present evidence which would furnish the jury a reasonable basis for finding that he was free from contributory negligence.

The plaintiff's duty, in the exercise of ordinary care, was to make reasonable use of his senses in his self-protection.   *Jacko* v. *American Tube & Stamping Co.*, 90 Conn. 523, 526, 97 Atl. 755; *Radwick* v. *Goldstein*, 90 Conn. 701, 710, 98 Atl. 583.   He was under no obligation, at the peril of being deemed negligent, to make the utmost use of them which it was practicable to make.   The reasonable use which common prudence requires is one dependent upon the attendant circumstances.   In the present case a circumstance, not to be overlooked in determining whether or not the plaintiff acted with due care, is that his rights to the use of the highway were not subordinate or inferior to those of the trolley company.   Both, in their use of the highway, were in the exercise of a common right to be enjoyed with due regard for the rights of each other, and each was entitled to act in the expectation of reasonable conduct on the part of the other in view of that fact.   *Laufer* v. *Bridgeport Traction Co.*, 68 Conn. 475, 492, 37 Atl. 379; *Reiley* v. *Consolidated Ry. Co.*, 82 Conn. 105, 110, 72 Atl. 562.

The plaintiff, as the witnesses produced by each party agreed, stopped before entering upon the crossing.   The plaintiff testified that he then looked back along the tracks by sticking his head out of the side door of his wagon, and saw the tracks behind him for one hundred and fifty feet, and that no car was in sight.   This the jury might have believed.   The point where he thus stopped and looked was variously testified to.   The

jury were at liberty upon the evidence to find that it was anywhere from fifteen to forty or forty-five feet from the crossing. With this latitude it cannot be successfully contended that the jury could not reasonably have found that the plaintiff, after looking and seeing that there was no car approaching within one hundred and fifty feet, was in the exercise of ordinary prudence in judging that it was safe for him to enter upon that part of the highway occupied by the crossing and in doing so.

It is true that the conditions existing at or near the crossing afforded the plaintiff an opportunity to observe if any car was coming for a distance of eight hundred feet provided that he put his head far enough out of the door to bring that distance within his line of vision, and it appears to have been demonstrated by the evidence that the oncoming car was within that distance at the time that the plaintiff says he looked. The vital inquiry, as bearing upon the question of the exercise of reasonable care by the plaintiff, however, is whether or not the circumstances called upon him to look to see that a car was not approaching within the line of his possible vision, or at least within a greater distance than one hundred and fifty feet, before venturing upon the crossing. If he met the full requirements of reasonable conduct before proceeding when, as it is open to the jury to find, he looked and saw the tracks clear for one hundred and fifty feet behind him, the claim of contributory negligence is eliminated even though it might have been possible and easily possible for him to have discovered the car by further extension of his search.

If he had seen an approaching car eight hundred feet away it would scarcely be contended that ordinary prudence would have required that he stand still and allow it to reach and pass him. The car would have no such right of precedence, and he would be justified in

assuming that his rights, as a rightful user of the highway, would be respected by his co-users, and his safety thereby assured if he proceeded. Where the plaintiff stopped, whether or not he then looked, and how far back his look extended, were questions for the jury's determination. Having answered them as they reasonably might have been answered, there would remain the further question whether or not the plaintiff's observation, in view of its place and extent, constituted a reasonable precaution for his subsequent conduct, taking into account the mutual rights and duties of the parties as co-users of the highway in the exercise of a common right. Upon the evidence the presiding judge was precluded from saying that no conclusions as to the subordinate facts enumerated could reasonably be reached by the jury which would exculpate him from the charge of negligence contributory to his injuries.

There is error and a new trial is ordered.

In this opinion the other judges concurred, except RORABACK and WHEELER, Js., who dissented.