CHARLES MIDDLETON *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, April Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

It is not necessarily negligent for one to drive across a street-railway track in front of an approaching car which is slowing down and apparently about to stop to take on a passenger at one of its known and regular stopping places; and therefore where there is credible evidence tending to prove such a situation, the question of the driver's contributory negligence is one of fact for the jury.

Argued April 17th—decided June 1st, 1917.

ACTION to recover damages for injuries to the person and property of the plaintiff, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Gager, J.;* by direction of the court the jury returned a verdict for the defendant, and from the judgment thereon the plaintiff appealed. *Error and new trial ordered.*

*Charles T. McClure* and *George W. Crawford,* for the appellant (plaintiff).

*Harrison T. Sheldon* and *William B. Gumbart,* for the appellee (defendant).

PER CURIAM. Upon the trial it appeared that the plaintiff was driving his team of mules hitched to a cart northerly along Orchard Street in New Haven and at its intersection with Chapel Street, and when his team had crossed the west-bound track of the defendant upon Chapel Street and was upon the east-bound track, a car approaching from the west collided with the cart and team, injuring plaintiff and damaging his cart and team.

The verdict was directed upon the theory that the evidence showed the plaintiff's contributory negligence. The defendant's negligence was not in issue on the argument of the appeal.

The plaintiff offered evidence to prove that the rule and practice of the defendant, with which he was familiar, required the defendant to stop its west-bound car at the crosswalk on the east side of Orchard Street to receive passengers; that as he approached Chapel Street he saw a car of defendant approaching Orchard Street and slowing down as if to stop; that no signal was given by the motorman; that he saw a man step from the northerly curb of Chapel Street at a point a little east of the easterly crosswalk as if to board the car; that the car practically came to a stop when this man boarded it; that the plaintiff thereupon, seeing the car about to stop and the man about to board the car, drove his team slowly on and across the tracks, and that the car without completely stopping started up and collided with the plaintiff.

Some of this evidence was contested, and the defendant offered evidence to prove that the plaintiff had driven in front of the moving car without attempting to stop his team.

In such a conflict of testimony and theories it cannot be held to have been unreasonable for the jury to have found in accordance with the testimony offered by the

plaintiff.  Had the jury so found, the conclusion might fairly have been drawn that these facts furnished a reasonable ground for the plaintiff's belief that he could pass in safety if both he and the motorman acted with reasonable regard to the rights of each other.  *McCarthy v. Consolidated Ry. Co.*, 79 Conn. 73, 76, 63 Atl. 725. We think the issue of contributory negligence was one of fact for the jury.

There is error, the judgment is set aside, and a new trial ordered.