NATHAN CHODES *vs.* THE EVERETT B. CLARK SEED COMPANY.

Third Judicial District, New Haven, June Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

The plaintiff, a guest riding in an automobile which collided with a motor-truck at the intersection of two streets, was injured, and sought to recover damages from the owner of the truck. It appeared that the truck was going north and the plaintiff's car east as they approached the intersection. The trial judge, alluding to the statutory rule of the road (§ 1540) as to the right of way of cars in that situation, said to the jury that in his opinion this rule had nothing to do with the case, since the plaintiff was not the owner or operator of the car in which he was riding. *Held* that while this statement might be true so far as the question of the plaintiff's contributory negligence was concerned, it was or might have been harmful to the defendant, whose truck was on the right side of the east-bound car, thus entitling its driver to rely upon the observance of the law of the road by the other car as they approached the intersection; and consequently such rule was a

factor the jury should have considered in determining whether the defendant's servant was negligent or not.

Argued June 3d—decided July 20th, 1920.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's servant in the operation of its automobile, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment for the plaintiff for $450, and appeal by the defendant. *Error and new trial ordered.*

During the evening of October 28th, 1918, one Ganz, with whom the plaintiff was riding as a guest, was driving the former's motor-car along the highway known as the Derby turnpike. He was proceeding in the easterly direction or toward New Haven. At the same time the defendant's servant was operating its motor-truck upon a highway leading from the south into the Derby turnpike. At the point of intersection of the two roads the two motor-cars came into collision, with the result that the plaintiff was injured.

The plaintiff charged and sought to prove that the defendant's car, as it approached the intersection, was going at an unreasonable and reckless rate of speed and that its driver did not have it under suitable control, gave no warning or signal of his approach to the intersection, neglected to keep a proper lookout for other travelers, and failed to slacken the speed of his car as he approached the turnpike. The defendant, on the other hand, claimed and offered evidence to prove that Ganz was proceeding at an excessive rate of speed, that he was not on the right-hand side of the road, gave no warning signal as he approached the intersection, and wrongfully attempted to pass in front of the defendant's truck which had the right of way coming, as it was, from Ganz's right. Both

offered evidence to prove that their respective cars were operated with due care and conformably to law. It was not claimed that the plaintiff was in any way responsible for or had any manner of control over the operation of Ganz's car.

*James D. Hart,* for the appellant (defendant).

*Benjamin F. Goldman,* for the appellee (plaintiff).

PER CURIAM. Only one of several reasons of appeal is pursued by the appellant's counsel in his brief. That one assigns as erroneous a sentence of the charge wherein the court, following its instructions concerning the law of the road in the matter of the right of way at highway intersections as prescribed by the statute in force at the time that the plaintiff received his injury (General Statutes, § 1540), said: "I am calling your attention to this rule, gentlemen, because it has been referred to, but in the opinion of the court it has nothing to do with the facts in this case, because the plaintiff was not the owner or was not operating that car, unless you find that he himself was negligent in some way."

In making this statement the court quite likely had in mind the principle it had previously given to the jury, that any negligence of Ganz's was not to be imputed to the plaintiff, who was to be held responsible for his own negligence only, intended to make practical application of it, and failed for the moment to realize the full significance and possibly important bearing of his language.

The case involved two issues: one as to the defendant's negligence, and the other as to the plaintiff's contributory negligence. As related to the latter issue, it is apparently true that the statutory rule of the

road referred to by the court possessed no importance in the case at bar, since the plaintiff, as far as appears, was not in a position to be in any respect responsible for its disobedience by Ganz, if disobedience there was. As bearing upon the first issue, however, the situation was altogether different. This issue was the primary one in the case. A verdict for the plaintiff could not be rendered unless it was found that the defendant's servant had been negligent in his operation of its car. As between the two cars the defendant's was the one approaching the intersection from the other's right, and therefore the one entitled to the right of way if the two cars reached the intersection of the streets at the same or substantially the same time. It is evident, therefore, that the rule of the road, and its observance or nonobservance by Ganz, might, under a state of facts which the jury might have found to have existed, have been a matter of great importance in determining whether or not the defendant's servant acted as an ordinarily prudent man might be expected to act under similar circumstances. He, in the operation of his car, was entitled to govern his conduct in some measure upon the assumption that other operators would conform their conduct to the law, and the negligent conduct of Ganz in not doing so, if that were the fact, would be deserving of consideration in determining whether or not the former's conduct in the situation as it presented itself to him came up to the standard of ordinary prudence. The presence or absence of negligence in the conduct of the defendant's servant was to be determined in this, as in all other cases, in view of all the surrounding circumstances which reasonably might or properly ought to have influenced his action. The passage in the charge complained of, withdrew from the jury consideration of certain of these circumstances entitled to consideration

and which might have been of importance in measuring the conduct of the defendant's servant by the accepted standard.

There is error, the judgment is set aside and a new trial ordered.