JAMES E. WOODHULL *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

The motorman of a trolley-car and the driver of an automobile, upon
    approaching each other on intersecting streets, are each bound to
    exercise reasonable care under all the circumstances.
The motorman must have his car under reasonable control, operate
    it at reasonable speed in view of the situation, keep a careful look-
    out for travelers crossing his path at the intersecting street, and
    give them timely warning of the trolley-car's approach.
The driver of the automobile has the right to assume that the motor-
    man will operate the trolley-car in compliance with his legal duty,
    and is himself under the legal duty of making reasonable use of his
    senses and of taking reasonable care to avoid collision with the
    trolley-car.
The driver of the automobile has the right to cross this intersecting
    street ahead of the approaching trolley-car, provided the circum-
    stances are such as to afford him reasonable ground for believing
    that he can do this in safety if both he and the motorman act with
    reasonable regard to the rights of each other.
The evidence upon the issue of contributory negligence reviewed and
    *held* to present a question for the jury, and therefore that its ver-
    dict for the plaintiff was wrongly set aside.

Argued January 15th—decided March 1st, 1924.

ACTION to recover damages for injuries to the person
and automobile of the plaintiff, alleged to have been
caused by the negligence of the defendant, brought to
the Superior Court in Fairfield County and tried to the
jury before *Wolfe, J.;* verdict for the plaintiff for $2,000,
which the trial court set aside as against the evidence,
and from this decision the plaintiff appealed. *Error
and cause remanded for rendition of judgment upon the
verdict.*

*William H. Comley,* for the appellant (plaintiff).

*Seth W. Baldwin,* for the appellee (defendant).

WHEELER, C. J.  The jury might, by giving the most favorable construction to the plaintiff's claims that the evidence would reasonably admit of, have found these to be the essential facts: The accident occurred at the intersection of Fairfield Avenue and Norman Street, Bridgeport, through the trolley-car of the defendant colliding with the automobile of the plaintiff.  Fairfield Avenue is a much traveled thoroughfare in this location and runs east and west; Norman Street, north and south.  The defendant's two trolley-tracks were located in the middle of Fairfield Avenue, the west-bound track being the most northerly and the east-bound the most southerly.  The wood-block pavement on this avenue, from a point two feet from the north side of the west-bound track to the north curb, had been taken up and a loose planking laid over the avenue from Norman Street.  Travel up and down this highway passed over the space upon and between the railroad tracks and two feet on either side thereof at the time of the accident.  From the north curb of this avenue to the middle line of the two tracks is about seventeen feet; from the northerly line of the sidewalk to the curb is about fourteen feet.  From the northerly rail to the middle line of the two tracks is seven feet and four inches, and the space covered by the two tracks and two feet on either side, is eighteen feet and eight inches.

On October 30th, 1922, at about 5:15 p. m., the plaintiff was traveling south on Norman Street in his automobile and brought it practically to a stop just at the north line of the sidewalk on the north side of Fairfield Avenue, then looked in either direction up and down the avenue, and seeing nothing approaching and no indication that it was not safe for him to cross the street, and hearing no warning of an approaching trolley-car, he started to cross the avenue reaching, before the collision, a speed of five to seven miles an hour.

The only obstruction, at the point where he looked, to his view to the west were some trees and a post; beyond these and at the curb the tracks to the west were clear for one thousand feet west of Norman Street. The plaintiff did not look again as he proceeded over the distance of about thirty-two feet, his attention being taken up in driving his car over the loose planking. The plaintiff knew the location and knew that trolley-cars frequently passed and repassed this point. The plaintiff's average speed from the point where he practically came to a stop until the collision did not exceed three miles an hour. The plaintiff had passed over the west-bound track and was upon the east-bound track when the defendant's trolley-car struck the automobile at about its middle. The plaintiff did not see or hear the approaching trolley until it was within ten or fifteen feet of him. No question arises as to the negligence of the defendant as charged, so that we omit from this statement facts which tend to show this except when relevant to the issue of the contributory negligence of the plaintiff. The trolley-car was traveling at a speed of thirty miles an hour, and at the time the plaintiff put his automobile into first speed the trolley-car was over three hundred feet west of Norman Street. The plaintiff's average speed across this avenue did not exceed three miles an hour. The sun set at 4:42 p. m. on this day, the lights in the trolley and upon the automobile were lighted, but the headlight on the trolley-car was not lighted. It was not dark but approaching twilight.

The practical question is whether, in the exercise of reasonable care, the plaintiff at about the northerly line of the north sidewalk, not seeing an approaching car within three hundred feet of the west line of Norman Street, could drive across Fairfield Avenue and over defendant's trolley-tracks without again looking to

the west for an approaching car at about the time he passed over the curb, and in time to have stopped his automobile and thus avoided the collision. In such a situation the issue of the contributory negligence of the plaintiff cannot be resolved without holding accurately in mind the respective duties of the plaintiff, driver of the automobile, and the motorman of the approaching car. Each must exercise reasonable care in the light of the circumstances. The motorman must have his car under reasonable control, operate it with reasonable speed in view of the location, the approach to a cross-street, the liability of travelers from Norman Street crossing the trolley-tracks from the north and from the south, keep a careful lookout, and give timely warning to such travelers of the approach of the trolley. He has the right to operate his car in the assumption that other travelers upon Fairfield Avenue will make reasonable use of their senses and use reasonable care to avoid collision with his trolley-car. On the other hand, the plaintiff, in the operation of his automobile, might have lawfully assumed that the motorman of an approaching car would operate his car with reasonable care and hence have it under reasonable control, and operate it with reasonable speed, and give timely warning of its approach. Both the trolley-car and the plaintiff had an equal right to the use of this highway, and neither had the right to infringe unreasonably upon such a use by the other. *McCarthy* v. *Consolidated Ry. Co.*, 79 Conn. 73, 76, 63 Atl. 725. The plaintiff had the right to cross this street if the circumstances were such as to give him reasonable ground for believing that he could pass in safety if both he and the motorman acted with reasonable regard to the rights of each other. If the circumstances indicated that the motorman was operating his car in violation of his duty and liable to so continue and to make it unsafe for the traveler to cross the tracks

in front of the car, the traveler could not take the risk but must stop. Nor could the plaintiff take close chances as to his ability to clear the trolley-track before the car passed over. Where the facts indicate that a traveler acting reasonably would have crossed, or that reasonable men might differ as to whether the traveler should have crossed, the question is one of fact and for the jury. Our cases assert with such clearness the rules of law governing a situation similar to that in the case before us, that their application ought not, in most cases to be difficult. *Barber* v. *Great Atlantic & Pacific Tea Co.*, 92 Conn. 214, 215, 102 Atl. 577; *Deutsch* v. *Connecticut Co.*, 98 Conn. 482, 487, 119 Atl. 891; *Casey* v. *Connecticut Co.*, 92 Conn. 233, 234, 102 Atl. 576; *McCarthy* v. *Consolidated Ry. Co.*, 79 Conn. 73, 76, 63 Atl. 725; *Russell* v. *Vergason*, 95 Conn. 431, 436, 111 Atl. 625; *Chodes* v. *Clark Seed Co.*, 95 Conn. 263, 266, 111 Atl. 58; *Strosnick* v. *Connecticut Co.*, 92 Conn. 594, 103 Atl. 755; *O'Connor* v. *Connecticut Ry. & Ltg. Co.*, 82 Conn. 170, 173, 72 Atl. 934; *Rozycki* v. *Yantic Grain & Products Co.*, 99 Conn. 711, 716, 122 Atl. 717; *Murphy* v. *Adams*, 99 Conn. 632, 637, 122 Atl. 398. If the jury found that the plaintiff did look and saw no car, and that the car at this time was over three hundred feet distant, might he not reasonably have concluded that it would be safe for him to cross over this space, a distance of about thirty-two feet? Ought not the plaintiff's conduct to be judged in the light of the motorman's duty? Did not the plaintiff have the right to assume that the motorman would operate his car at a reasonable speed and have it under control on this busy thoroughfare? Could he anticipate that a car would be traveling at thirty miles an hour in this location and that the motorman would not have the car under control nor slow down in passing this cross-street and in going by this torn up roadway? Can it be said as matter of law that such

conduct on the part of the plaintiff was negligence and a proximate or efficient cause of this accident? Or was not the situation before the jury like that in *Middleton* v. *Connecticut Co.,* 91 Conn. 646, 647, 100 Atl. 1062, where we said: "In such a conflict of testimony and theories it cannot be held to have been unreasonable for the jury to have found in accordance with the testimony offered by the plaintiff. Had the jury so found, the conclusion might fairly have been drawn that these facts furnished a reasonable ground for the plaintiff's belief that he could pass in safety if both he and the motorman acted with reasonable regard to the rights of each other."

No rule of law required this plaintiff before crossing to extend his observation to the limit of his vision, nor to be constantly on the lookout for an approaching car while he was crossing Fairfield Avenue. He was required to make a reasonable use of his senses, not the utmost practicable use, and whether he did or not was for the jury to determine. "In driving across a street-railway track in the highway, one is only bound to make a reasonable use of his senses for his own protection; he is not obliged, at the peril of being deemed negligent, to make the utmost practicable use of them; and the reasonable use which common prudence requires depends upon the attendant circumstances." *Fine* v. *Connecticut Co.,* 91 Conn. 327, 99 Atl. 700; *Lawler* v. *Hartford Street Ry. Co.,* 72 Conn. 74, 43 Atl. 545.

There is error and the cause is remanded with direction to render judgment upon the verdict.

In this opinion the other judges concurred.