THE CITY BANK AND TRUST COMPANY *vs.* RUTHINIAN GREEK CATHOLIC CHURCH OF ST. MICHAEL, INC.

First Judicial District, Hartford, January Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

It is not essential that statements of fact in a finding should always be supported by direct evidence. It is enough if the circumstances fairly warrant the inference or conclusion stated.

In reviewing a conclusion drawn by the trial court, this court never examines the evidence, but only the subordinate facts; therefore, an assignment of error that a conclusion was improperly drawn "under the facts in evidence" is not entitled to consideration.

The trial court concluded that the defendant was in no position, as against the plaintiff indorsee, to contest the validity of a promissory note, made by its trustees in renewal of a prior note, the proceeds of which had been devoted to the improvement of its church building. The trustees intended the note to be an obligation of the defendant, interest was paid thereon for a considerable period, and its amount was carried on the defendant's books as an indebtedness known to be represented by the note. *Held* that the trial court's conclusion was supported by the subordinate facts.

Argued January 6th—decided June 30th, 1925.

ACTION upon a promissory note, brought to and tried by the Superior Court in Hartford County and tried to the court, *Maltbie, J.;* judgment rendered for the plaintiff for $1,745, and appeal by the defendant. *No error.*

The finding discloses that the note in suit was issued on February 20th, 1917, to the order of one Roman Zalitach, the pastor of the defendant church, and by successive indorsements came into the hands of the plaintiff for value; and that demand for payment was duly made and payment refused. The church in its pleadings claimed that the note in question was not the note of the church. The court found that it was a note which the church was obligated to pay.

*John W. Joy*, for the appellant (defendant).

*Stewart N. Dunning*, for the appellee (plaintiff).

CURTIS, J. The defendant filed in the trial court a motion to correct the finding containing ten paragraphs. The court granted this motion in part and in part denied it. In its appeal the defendant assigns as error the failure of the court to make all the corrections sought, and certain of the evidence was certified to this court.

There was evidence from which all facts could have been found directly or by inference, and therefore the motion to correct was properly denied. "It is not essential that statements of fact in a finding should always be supported by direct evidence. It is enough if the circumstances fairly warrant the inference or conclusion stated." *McCarthy* v. *Consolidated Ry. Co.*, 79 Conn. 73, 74, 78, 63 Atl. 725.

The defendant in its appeal sets forth twelve assignments of error, each in the following form: "The court erred in overruling the defendant's claim of law that under the facts in evidence there was no ratification of said action of said trustees by the congregation of the church."

Strictly, this assignment does not present a reviewable question of law, since it is based upon "facts in

evidence." If the assignment of error was designed to attack some paragraph of the finding as a conclusion not supported by the subordinate facts, it fails to state such design with sufficient clearness to enable us to consider it.

Moreover, an attack upon a conclusion, whether stated in a single paragraph of a finding, or at the end of a finding and based upon its several paragraphs, does not involve a review of the evidence to determine whether the conclusion is illegally or illogically drawn from the subordinate facts. The evidence can only be considered by us upon a request for a correction of the finding. Practice Book, p. 309, § 11; *Hayward* v. *Plant,* 98 Conn. 374, 383, 119 Atl. 341; *DeFeo* v. *Hindinger,* 98 Conn. 578, 120 Atl. 314.

Assuming that by "facts in evidence" the appellant means subordinate facts found, then the only question of law presented would be, whether the conclusion of the court, that under the facts found the defendant was not in a position to contest the validity of the note and hence that it was obligatory upon the church, could have been legally and logically found from the subordinate facts.

The note in suit is a renewal of a note, the proceeds of which were used to put the church of the defendant in proper condition for use. The trustees of the church, in drawing the note, intended to draw a note obligatory upon the church. Interest was paid upon it for a considerable period. The amount of the note was carried on the account books of the church as an indebtedness and was known to be a charge represented by the note. These facts, coupled with the remaining subordinate facts found, legally and logically support the conclusion of the court.

There is no error.

In this opinion the other judges concurred, except KELLOGG, J., who concurred in the result, but died before the opinion was written.