HARRY CASSELLA *v.* JAMES ALLEN ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 7-613-270M

Argued January 19—decided June 29, 1962

*T. Holmes Bracken,* of New Haven, for the appellants (defendants).

*Irving Schwartz,* of New Haven, for the appellee (plaintiff).

MISSAL, J.   This appeal is from a judgment in favor of the plaintiff allowing recovery for the balance due on an oral contract for materials and services.  The plaintiff, operating under the trade name of Royal Fence Company, entered into an oral agreement with the defendants to erect a three-foot chain-link fence on the property of the defendants in Stony Creek, Connecticut.

Four errors were assigned by the defendants, each attacking the finding.  The first assignment of error states that the court erred in failing to correct the finding by striking out the words "after completion of the work" in paragraph 7.  The second assigns error in the failure of the court to add to the finding the following: "plaintiff agreed with defendants that the payments were 'cash, thirty days' " and "plaintiff consulted a lawyer to sue defendants on October 19." The third assignment of error claims that the court erred in concluding that  "2. The plaintiff carried out all of his obligations within the terms of the contract" and "3. The defendants breached the agreement by failing to pay to the plaintiff the sum of $300 due to the plaintiff." The fourth assignment of error is that the court erred in rendering judgment for the plaintiff when the facts set forth in the finding do not support it and that the action was premature.

All of the assignments of error raised on this appeal have basis only if the finding can be corrected. This court cannot add a fact to a finding unless it is a material fact which is admitted or undisputed, nor strike out a finding of fact unless it is a material fact found without evidence. The only other basis for correction of the finding is that facts were found in language of doubtful meaning. Cir. Ct. Rule 7.26.1; Practice Book § 397; *Tryon* v. *Smith,* 111 Conn. 733; Maltbie, Conn. App. Proc. § 155.

The facts sought to be stricken by the first assignment of error have reasonable support in the evidence or in reasonable inferences from the facts proven and cannot be stricken. *Dunn* v. *Santino,* 139 Conn. 352, 355; Maltbie, op. cit. § 156. The facts sought to be added by the second assignment of error cannot be added since they are neither admitted nor undisputed. The conclusions of the court which are attacked by the third and fourth assignments of error are legally drawn from the facts as it found them. "To interfere with the conclusions would be to substitute different findings of fact. This cannot be done where there is evidence upon which reasoning minds might disagree. Here there is no basis for correcting the finding. This being so, the conclusions must stand." *Holmes* v. *New London,* 140 Conn. 477, 478; *City Bank & Trust Co.* v. *Ruthinian Greek Catholic Church,* 102 Conn. 609, 611.

There is no error.

In this opinion MACDONALD and SULLIVAN, Js., concurred.