### SAMUEL SKIDMORE *vs.* RALPH E. DANN.

Third Judicial District, New Haven, June Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Argued June 2d—decided June 30th, 1925.

ACTION to recover damages for personal injuries
alleged to have been caused by the negligent operation
of the defendant's automobile, brought to the Superior
Court in Fairfield County and tried to the jury before
*Banks, J.;* verdict and judgment for the plaintiff for
$8,410, and appeal by the defendant. *No error.*

*William H. Comley,* for the appellant (defendant).

*John Keogh* and *John T. Dwyer,* with whom was
*Nehemiah Candee,* for the appellee (plaintiff).

PER CURIAM.  Defendant claims that the court erred
in denying his motion to set aside the verdict, since
upon the evidence the jury could not reasonably have
found the plaintiff free from contributory negligence.
The jury might reasonably have found from the evi-
dence that the plaintiff, before stepping from the curb
to cross South Main Street in Norwalk, looked in both
directions and saw no vehicle in sight; that he crossed
at the usual crossing place in the business center of
Norwalk, and proceeded in a direct course across the
street from east to west, and as he crossed was alert and

Skidmore *v*. Dann.

watchful for his own protection; that defendant's automobile was not in sight as defendant started to cross until it suddenly swung into South Main Street from Washington Street; that it was operated at fast speed, to the left of the centers of the highway intersection and of the traffic signal, giving no warning signal, by horn or otherwise, of its approach, and striking and running down plaintiff and injuring him, without giving him a reasonable opportunity to escape being struck and run down. These facts being found by the jury, no conclusion was possible other than that the defendant was negligent as alleged, that plaintiff was free from negligence contributing to his injury, and that the proximate cause of plaintiff's injury was the defendant's said negligence.

In two respects defendant claims the court erred in the charge. Both relate to the submission, as part of plaintiff's theory of the case, that defendant's car came from plaintiff's back, when there was no evidence to support such a theory. The finding of the facts claimed to have been proved completely negatives these claims particularly in paragraphs eight and thirty-three.

There is no error.