MICHAEL PASKEWICZ *vs.* DANIEL F. B. HICKEY ET AL.

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued January 21st—decided March 31st, 1930.

*Philip Reich,* for the appellant (plaintiff).

*Charles J. Martin,* for the appellees (defendants).

HAINES, J.   The first assignment of error is the denial of the plaintiff's motion to set aside the verdict.   We accord much weight to the views of the trial judge under these circumstances, and in determining whether his action was justified, we give the defendant's evidence the most favorable interpretation which can fairly and reasonably be put upon it.   Thus considered, the jury could reasonably have found that about half past ten on the evening of September 29th, 1928, an automobile driven by the defendant Daniel F. B. Hickey and owned by his wife, who, with Mrs. McHugh, was with him in the car, was proceeding at a speed of about twenty miles per hour in a westerly direction on Connecticut Avenue in Bridgeport.   This avenue is about forty feet wide between curbs and is crossed by Bishop Avenue which is thirty-two feet wide.   As he approached the intersection, the driver slackened his speed, and when he had practically passed the intersection so that the light which hung over it was to the rear of the car and the front of the car had crossed the second crosswalk, he suddenly saw the plaintiff for the first time near the right headlight of the car.   It was misty and the electric wind shield cleaner was in operation, clearing a portion of the wind shield directly in front of the driver.   There was no other traffic at that time immediately in front of the car.   The car having passed from under the light, there was a shadow at that point, and the plaintiff

seemed to come out of the darkness, running, with the left arm up, and crouching over. Upon seeing him, the driver immediately threw out the clutch and put on the brakes and pulled the car to the left in an unsuccessful attempt to avoid the plaintiff and stopped the car within three or four feet. The testimony of the other occupants of the car was mostly corroborative and nowhere in conflict with the foregoing references to the circumstances of the collision. The plaintiff's injuries were all on the left side, and the slight injuries which the car suffered could have come from its right side.

From the evidence thus summarized and from other details of the testimony, the jury could reasonably have reached the conclusion that the plaintiff was not crossing the street through the intersection, but to one side in the shadow, and was either running without looking or hurriedly attempting to get across ahead of the automobile.

Upon the entire evidence as it stood before the jury, they could reasonably have found that the plaintiff could not have failed, if he had looked after stepping into the street or at any time while walking to the center of it, to note the approach of the car. He had often crossed there and knew that care was necessary, especially at night. He was charged with knowing and understanding what in the exercise of due care, he could have seen and understood. In a similar case we said: "Under the evidence the jury could not reasonably have found otherwise than that the plaintiff should have known, if he had exercised due care as he crossed Noble Avenue, that the defendant, in an automobile with lights aglow, was approaching from the south . . . and that the plaintiff's failure to see that automobile and avoid it was negligence on his part, which was a contributory cause of the collision

and injury." *Hizam* v. *Blackman,* 103 Conn. 547, 551, 131 Atl. 415. In this view of the circumstances, the jury could not reasonably have found that the plaintiff was free from contributory negligence, and the trial court committed no error in refusing to set aside the verdict.

Other assignments of error relate to certain portions of the charge and the failure of the court to charge as requested upon the doctrine of the last-clear-chance. That request was not accurately framed and the court did not err in refusing to submit it to the jury in that form. We have had no occasion to change our statement of the rule upon this subject which appears in *Fine* v. *Connecticut Co.,* 92 Conn. 626, 631, 103 Atl. 901, and often since referred to. The court, however, did charge upon the doctrine and three assignments of error are based upon claimed errors in that statement. Portions of the charge, when considered apart from others on the same subject, are open to criticism; but the entire charge upon the subject should be considered and as a whole. Though informally stated, if it can fairly be said to have given the jury an accurate and understandable idea of the rule sufficient for their guidance and applicable to the evidence, we should disregard isolated or technical errors of statement.

Among other things, the court told the jury that after the injured party has come into a position of peril, it must appear "that there is ample opportunity for a reasonably prudent man thereafter to avoid the accident." Criticism is directed to this and to the further statement that it must appear that "it is apparent that the one in danger is oblivious to his danger, or will not escape therefrom." It should be remembered that the court was here speaking of the conduct which a reasonably prudent man would have observed. These statements are to be taken, more-

over, in connection with others, and particularly the concluding words upon the subject: "Before the doctrine of supervening negligence . . . can be applied in this case, the jury must be in a position to conclude from the evidence that there was a time after the plaintiff started to cross the traveled portion of Connecticut Avenue, when Mr. Hickey was sufficiently distant from the plaintiff so that he, Hickey, should have seen the plaintiff and realized that he was either unconscious of the approach of the automobile, or for some other reason would not guard himself from danger, and thereafter with the exercise of due care could have avoided striking the plaintiff. Unless such an opportunity were reasonably present for the defendant, Daniel Hickey, to stop his car after the plaintiff's position of peril should have been known to him, and unless the jury so find, and also find that Hickey should have known then that the plaintiff would not avail himself of any opportunity to escape, the jury will have no occasion to give further consideration to this contention."

We do not overlook the appellant's claim that the use of the words "stop his car," was erroneous, as unduly limiting the defendant's duty to avoid the plaintiff. If this were all the court said upon that particular point, it could hardly escape the criticism which we made of a similar charge in *Sacks* v. *Connecticut Co.,* 109 Conn. 221, 146 Atl. 494. In another place, however, the court said that to avoid responsibility it was necessary to show that the defendant could "with the exercise of due care," have "avoided striking the plaintiff"; and again, it was said to be necessary to show that the defendant "thereafter had the time and the opportunity to stop, *or* avoid" striking the plaintiff. We do not believe the jury was misled into thinking that the inability to stop the car in time would

necessarily free the defendant from responsibility. Although the plaintiff alleged in his complaint and was bound to prove, that the defendant failed to sound a warning of his approach, the question was not asked of any witness upon the trial and no direct evidence was introduced to sustain that claim. We do not hold it prejudicial error for the court to refer to the omission. The plaintiff's burden of proving the defendant's failure in this regard, was not met by attempting to draw an inference of that failure from the silence of all the witnesses upon the point.

An examination of the entire statement of the trial court on the doctrine of the last-clear-chance reveals that each of the four requirements stated in the *Fine* case were given to the jury, and we think with sufficient clearness to enable them to correctly understand the rule and properly apply it to the evidence before them. We may add that we think it extremely doubtful whether upon any justifiable construction of the evidence favorable to the plaintiff, this doctrine could have had any application to the facts before the jury. Even if the defendant should have been aware that the plaintiff was about to walk into the path of the car unconscious of his peril, he could hardly have been aware of it soon enough to have saved the plaintiff from harm by the exercise of due care. The jury could perhaps reasonably have found that the defendant was negligent in not seeing the plaintiff sooner than he did, but even if he had seen him from the time he stepped off the curb into the street, he could hardly have been aware that the plaintiff was in a position of actual danger from which he could not or would not escape, until the two parties were in close proximity. It is a common practice for pedestrians to cross the street among moving automobiles, and indeed the heavy traffic upon most of the principal streets of our

cities today, makes this necessary in the absence of traffic lights or officer, if one is to cross at all. The defendant had no reason to suppose, even if he had seen the plaintiff start across, that he would continue to walk, or run, into the path of the car. On the contrary, with lights aglow and in the plain sight of the plaintiff, the defendant would have been justified in believing that the plaintiff saw him and would stop short of the path of the car. The danger really arose when the plaintiff indicated that he was not going to do this. There was obviously but a couple of steps in distance and perhaps a second of time between a position of safety and one of danger for the plaintiff.

In view of what we have said, we do not deem it necessary to discuss other claims made upon the appeal.

Upon the whole record, we reach the conclusion that the verdict of the jury was a fair and reasonable one and without injustice to the plaintiff.

There is no error.

In this opinion the other judges concurred.