CHARLES SINKUS *vs.* SAMUEL F. STEIN ET AL.

First Judicial District, Hartford, October Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.
Argued October 8th—decided November 7th, 1930.

*Richard H. Deming,* for the appellants (defendants).

*Edward J. Daly,* with whom was *Cornelius D. Shea,* and, on the brief, *Dennis P. O'Connor,* for the appellee (plaintiff).

PER CURIAM. The jury might reasonably have found that at the time plaintiff stepped from the curb to cross Front Street he looked in both directions and saw no approaching automobile and that at this time the automobile of the defendant, The Import Drug Company, which its employee was driving, was at State Street, eighty-three feet to the south, and that the plaintiff, while attempting to cross Front Street, had taken four steps upon the crossing and reached about the middle of the street when he saw this car a few feet south of where he was walking, and tried to avoid being hit by it and failed. No claim is made that the driver of the car, who had every opportunity to have seen the plaintiff from the time he left the curb until he was struck, was not negligent. If the jury found these facts it was not unreasonable to find the plaintiff's own

negligence did not materially contribute to the injuries suffered in consequence of his impact with this automobile. The trial court properly held that the court must under our law consider the plaintiff's case upon the facts in evidence in the most favorable light that they might be reasonably considered. A verdict upon a conflict of the evidence will not be set aside on appeal unless it has been unreasonably reached in manifest violation of our established rule. *Berg* v. *Spivakowski*, 86 Conn. 98, 99, 84 Atl. 329. There was no error in the charge complained of.

There is no error.