Louise Alston, Administratrix (Estate of George H. Alston) *vs.* Consolidated Motor Lines, Incorporated.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued June 6th—decided July 16th, 1934.

*William H. Comley,* for the appellant (defendant).

*David Goldstein,* with whom was *William Cohn,* and, on the brief, *John P. Flanagan,* for the appellee (plaintiff).

Per Curiam.   Plaintiff's intestate was struck and killed by a truck operated by the servant and agent of the defendant as he was crossing Main Street near its intersection with State Street in the city of Bridgeport.   The defendant appeals from the denial of its motion to set aside the verdict of the jury in the plaintiff's favor, and the only question upon this appeal is whether there was any evidence in the case upon which the jury could reasonably have found that the defendant's agent was negligent and the plaintiff's intestate free from contributory negligence.

The jury could reasonably have found the following facts: Plaintiff's intestate alighted from an eastbound trolley car at the southwest corner of Main and State Streets, about nine-thirty p. m. and walked south on the west sidewalk of Main Street until he reached a point about twenty-five feet south of the intersection. He then started to cross the street at a slight angle away from the intersection, looking in both directions before leaving the curb and seeing no traffic approaching. The defendant's truck was then proceeding in an easterly direction on State Street, made the turn into Main Street at a speed of eight to ten miles an hour and struck the plaintiff's intestate as he was crossing the westerly rail of trolley tracks in Main Street, which was twelve and a half feet from the westerly curb. When the truck was about ten feet away he looked up, saw it, and tried to step back, but was struck by it before he could get out of its path. The driver of the truck gave no signal of his approach. At the rate he said he was going he could have stopped it in seven or eight feet. While there was nothing to obstruct his view, he did not see the deceased at all.

The question of the negligence of the driver of defendant's truck was one of fact for the jury. As he rounded this corner in the business center of the city it was his duty to have his truck under control and to keep a proper lookout for pedestrians who might reasonably be expected to be crossing the street either upon or in proximity to the crosswalk. The jury might reasonably have found that in the exercise of that duty he should have seen the plaintiff's intestate in a position of peril and have been able to avoid striking him.

The question of the negligence of the plaintiff's intestate is a close one but, since it is so close that reasoning minds might reasonably differ with regard

to it, it also was a question of fact for the jury. The jury could have found that he looked to the north before stepping off the curb and did not see defendant's truck because it had not then rounded the corner. His action in then proceeding into the highway as he did was not necessarily negligent as a matter of law. *McCaughey* v. *Smiddy*, 109 Conn. 417, 421, 146 Atl. 822; *Woodhull* v. *Connecticut Co.*, 100 Conn. 361, 366, 124 Atl. 42; *Knapp* v. *Barrett*, 216 N. Y. 226, 110 N. E. 428. He was required to make a reasonable use of his senses, not the utmost practicable use, and whether he did make such use was for the jury to determine. We must assume that the jury were correctly instructed as to the degree of care required of one crossing a street at a point other than upon a regular crosswalk. It cannot be said that the plaintiff's intestate, having looked in both directions before stepping off the curb, was negligent as a matter of law because he did not continue to look in the direction from which defendant's truck was approaching while he was taking the four or five steps which brought him to the west trolley rail.

There is no error.