## Mamie Puza, Administratrix (Estate of Charles Puza) *vs.* Samuel Hamway.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued June 1st—decided July 22d, 1937.

*William Dorkin*, for the appellant (plaintiff).

*George N. Foster*, for the appellee (defendant).

AVERY, J. On June 28th, 1936, at about 12.35 in the morning, while crossing from the south to the north side of Barnum Avenue in Bridgeport near its intersection with Pixlee Place, the decedent was struck by an automobile owned and operated by the defendant and received injuries from which he subsequently died; and the plaintiff, as his administratrix, brought this action to recover damages for his death. The case was tried to the jury and a verdict returned for the defendant, from which the plaintiff has appealed. The plaintiff assigned certain errors in the finding of the claims of proof of the parties, but we do not need to consider them. It serves no useful purpose to seek corrections in the finding as regards nonessential details of facts which do not serve to make clearer the situation as related to the claimed errors. *Voronelis* v. *White Line Bus Corp.*, 123 Conn. 25, 27, 192 Atl. 265. The only other errors claimed relate to the charge of the court to the jury.

On the trial, the plaintiff offered evidence to prove and claimed to have proved these facts: Barnum Avenue, a public highway in the city of Bridgeport, runs

in an easterly and westerly direction; is forty-six feet in width from curb to curb; and paved with warrenite. It is intersected by Pixlee Place on the north and Grant Street from the northwest, and Elizabeth Street from the south. On the southeast corner, there was a brick building in which was located "Madaras Tavern." At the northwest corner, there was located a one-story frame building and the corner was well lighted. At the time of the accident, the weather was good and the night was clear. Just prior to that time, the decedent came out of the tavern, walked to the west about ten or fifteen feet and started to cross Barnum Avenue. Before stepping from the south curb, he looked in both directions for oncoming traffic. He then proceeded to walk across the street to the north side in a diagonal northwest direction. As he did so, an automobile operated by the defendant was approaching from the east about three hundred and ten feet from the intersection of Barnum Avenue and Pixlee Place. As the decedent proceeded across the street, he at no time looked toward the east for oncoming traffic until he had reached a point approximately nine feet from the northerly curb of Barnum Avenue, and forty feet from the westerly curb of Pixlee Place at which time he was approximately three feet in front of the defendant's car which was proceeding west at a speed of forty to fifty miles an hour. There was no other traffic upon the street, and no cars were parked on the south side of Barnum Avenue, but three were parked on the north side. The plaintiff's intestate was struck by defendant's automobile, thrown forward, and received injuries from which he died. The defendant was returning with four guests from Savin Rock, an amusement resort in West Haven. As they were riding along, there was a general conversation among the occupants in which the driver

took part. He did not see the decedent until he was within two or three feet of him, and struck him with the front of the car. He did not change speed as he approached the intersection; did not sound his horn or give other warning of his approach; and did not apply his brakes in time to avoid striking the decedent. The defendant had good vision, and there was no obstructing traffic.

The defendant claimed to have proved that as he was approaching the intersection, he was traveling at about twenty-five miles an hour and did not change speed; that the scene of the intersection was fairly lighted; that he did not see the decedent until the latter was about three feet distant; and when he did see him the decedent was facing the car; that he applied his brakes but was unable to avoid striking the decedent. The latter was dressed in dark clothing and was crossing a dark pavement in the night season.

The appellant has selected two excerpts from the charge and asserts that they were erroneous as in effect being an instruction of the court that the conduct of the plaintiff's decedent was negligence as a matter of law. The trial court instructed the jury at considerable length as to the duty of a pedestrian crossing the street at a place other than where pedestrians are accustomed to cross and the duty of the operator of an automobile as to a pedestrian crossing in such manner. The jury were informed that if a pedestrian crosses at a place other than where pedestrians are accustomed to cross, he must exercise a higher degree of care for his own safety than when crossing at a regular crossing; and, conversely, that the operator of a motor vehicle expects to find pedestrians upon a crosswalk or place designed for their crossing and is required to use a higher degree of care for their protection at such a place than in the case of a pedestrian

crossing within the block; that both the pedestrian and the operator of the automobile were required to use the degree of care that a reasonably prudent person would use under the circumstances; that a pedestrian in crossing is required to exercise reasonable care for his own safety and must exercise a higher degree of care in crossing at a place other than at a designed crosswalk or at a place where pedestrians are accustomed to cross; that he is required to use his senses and have in mind conditions with which he is acquainted or, in the exercise of reasonable care, should know existed; and that he should use his senses and see those things which an ordinarily prudent person would under the circumstances see, and avoid dangers which he knew or reasonably should have known were present or likely to be. The court then stated: "If you find that the plaintiff's decedent was walking across the street and taking no precaution for his own safety by looking to see whether any vehicle was approaching, such conduct would be a failure to use his senses,—as it was his duty to do,—and would be negligence, and he would be barred a right of recovery if he materially contributed to cause his injuries."

The appellant omitted what immediately followed wherein the trial court stated that the decedent "was bound to make use of his senses to avoid danger that any reasonably prudent person in the possession of his senses might then and there reasonably anticipate." And the court added that the failure of plaintiff's decedent while crossing the street to observe the approach of defendant's car would not necessarily establish his negligence and prevent his right of recovery; that the plaintiff was bound to use his senses; and it was a question for the jury upon all the evidence whether he made a reasonable use of his senses. Later on, in its instructions, the court informed the jury:

"The law is firmly established that it was the duty of the decedent to exercise ordinary care both to avoid dangers known to him and to discover dangers or conditions of danger to which he might become exposed and, in the performance of that duty, to be watchful of his surroundings, and of the way in which he was going; and that he was required to act upon what he should have known as well as upon what he did know. Should you reach the conclusion that the decedent should have known, if he had exercised due care as he crossed, or attempted to cross Barnum Avenue, that the defendant in an automobile, with lights aglow, was approaching from the east on the northerly side of the avenue, and that he failed to see that automobile and avoid it, then you would find the decedent was not free from negligence upon his part which was a contributory cause of the injury which he received. I should say to you, gentlemen, that is, in substance, the law. It is a question of fact for you to determine, considering all of the elements that have been established in the evidence in the case."

The instructions of the court taken as a whole upon this subject were such as to fairly inform the jury of the legal duty resting upon each party upon the situation disclosed by the claims of proof. Upon the claims of proof, by which we test the charge, the court was confronted with a situation of a pedestrian crossing a street at night, not at a crosswalk or where pedestrians customarily crossed but in a diagonal direction partly within the block; that before stepping from the curb, he looked both ways, at which time the defendant's automobile was about three hundred and ten feet distant with its lights lighted. The decedent then proceeded to cross the street and had traveled a distance of about thirty-seven feet when he was struck. It does not appear from the claims of the

parties whether or not the decedent saw the automobile when he looked, or that in the exercise of proper care he should have seen it and anticipated there was danger of his being struck by it. Where the facts indicate that a traveler acting reasonably would have crossed or that reasonable men might differ as to whether the traveler should have crossed, the question is one of fact for the jury. *Woodhull* v. *Connecticut Co.,* 100 Conn. 361, 365, 124 Atl. 42; *Perry* v. *Haritos,* 100 Conn. 476, 479, 124 Atl. 44; *Sinkus* v. *Stein,* 112 Conn. 677, 152 Atl. 135; *Middletown Trust Co.* v. *Armour & Co.,* 122 Conn. 615, 621, 191 Atl. 532. On the other hand, where upon the evidence the jury could not reasonably have found other than that the failure of the plaintiff under such circumstances to see an approaching automobile and avoid it was negligence which was a contributory cause of the injury, the question is one of law for the court. *Hizam* v. *Blackman,* 103 Conn. 547, 551, 131 Atl. 415; *Paskewicz* v. *Hickey,* 111 Conn. 219, 222, 149 Atl. 671. In the instant case, it was for the jury to determine whether considering the evidence as to the conduct of both parties, there was negligence upon the part of the decedent which contributed as a substantial factor to the injury and the charge of the court was appropriate to the facts presented by the evidence.

The plaintiff claims error in the court's failing to instruct the jury as to what operation of a motor vehicle would constitute reckless operation; and in failing to charge that if the jury found the defendant to be reckless in the operation of his automobile, then the contributory negligence of plaintiff's decedent would not bar her from recovery. These claims of error are not well taken. In the complaint, the plaintiff alleged that the collision was caused solely by the negligence of the defendant while driving his auto-

mobile in a careless, reckless and negligent manner, and then followed several specifications of negligence. In the course of its instructions to the jury, the trial court, in discussing the allegations of negligence, read to the jury from General Statutes, § 1581: "(a) No person shall operate any motor vehicle upon any public highway of the state recklessly, having regard to the width, traffic and use of such highway, the intersection of streets and the weather conditions, or so as to endanger the property or life or limb of any person. (b) No person shall operate any motor vehicle upon any public highway of the state at a rate of speed greater than is reasonable, having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions." The court defined recklessness or one who was operating recklessly as one operating without regard for the safety of others, and further informed the jury that in this action the basis of recovery was negligence as distinguished from recklessness. *Heslin* v. *Malone*, 116 Conn. 471, 475, 165 Atl. 594.

The plaintiff complains also that the instructions of the court on the doctrine of last clear chance were inadequate. The application of this doctrine was not an issue in the case and the trial court was not required to instruct upon it under the claims of the parties. Where both the pedestrian and the driver of the automobile proceed in their course to the moment of collision and the former does not come into the position of peril from the automobile until substantially the instant he is hit, the doctrine can have no place in the case. *Correnti* v. *Catino*, 115 Conn. 213, 225, 160 Atl. 892; *Middletown Trust Co.* v. *Armour & Co.*, supra, p. 618. To give an instruction which under any circumstances would permit the plaintiff to recover under the doctrine was too favorable to her and

she cannot complain if the charge was narrower than it should have been in stating the conditions for the application of the doctrine.

In the course of its instructions, the trial court made this statement with respect to an emergency: "If you should find that this defendant, as he was operating his car at the time in question, was confronted with a sudden emergency, . . . which was not the result of his negligence, and the injury occurred to the . . . plaintiff's decedent, then no liability would attach, since under such circumstances his injuries would be the result of accidental means, for which the defendant is not liable. So you will, as you consider the elements in this case, have in mind the question of whether or not he was confronted with a sudden emergency, which was not the result of his negligence, and, if so, no liability attaches." Considered as an abstract statement of law, this was incorrect. In an emergency not due to his own negligence, one is not relieved of all obligation to exercise care but is required to exercise the care of an ordinarily prudent person acting in such an emergency. *Lederer* v. *Connecticut Co.*, 95 Conn. 520, 527, 111 Atl. 785; *Brody* v. *Dickie*, 100 Conn, 189, 192, 122 Atl. 908; *Oginskas* v. *Fredsal*, 108 Conn. 505, 510, 143 Atl. 888; *Gross* v. *Boston, W. & N. Y. St. Ry. Co.*, 117 Conn. 589, 597, 169 Atl. 613; 45 C. J. 710. In the instant case, however, there is no claim that if the defendant first saw the plaintiff's decedent at a distance of approximately three feet anything which the defendant could have thereafter done would have saved the plaintiff's decedent. This was undoubtedly what the trial court had in mind in charging as it did and what the jury must have understood it to mean. If, then, the jury found that the defendant was not negligent up to the time when he first saw the deceased, there was nothing which the defendant there-

after did upon which liability could be claimed. Under the claims of the parties in this case, the plaintiff was not harmed by the instruction of the court upon this subject.

There is no error.

In this opinion the other judges concurred.