STANLEY NEVULIS *v.* HENRY WENTLAND ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued February 3d—decided March 2d, 1938.

*Samuel Rosenthal,* with whom was *Manuel Clark,* and, on the brief, *Monroe S. Gordon,* for the plaintiff (appellant).

*M. J. Blumenfeld,* for the appellee (defendant).

JENNINGS, J. The single ground of error assigned is the action of the trial court in setting aside the verdict of the jury. The court was of the opinion that the jury could not reasonably have found either negligence on the part of the defendant or that the plaintiff was free from contributory negligence.

Elm Street in New Britain is thirty feet wide, runs north and south and is intersected from the west, but not crossed, by Commercial Street, thirty-two feet in width and a stop street. A railroad siding crosses Elm Street just north of Commercial Street and a short distance south of the intersection eight sets of railroad tracks cross Elm Street at grade. Marks on the highway indicate the approach to these tracks. The approximate center lines of Elm and Commercial Streets are indicated by heavy white lines. On the east side of Elm Street, opposite the north sidewalk of Commercial Street is the office of the City Coal and Wood Company. The intersection was well lighted. Elm Street is straight for eleven hundred feet north from Commercial Street. Just before the accident, at

10 p. m., the plaintiff was crossing on the crosswalk from the east side of Elm Street to the northwest corner of Elm and Commercial Streets. He was struck and injured by the right front of the car driven by Henry Wentland, hereinafter referred to as the defendant, shortly before he reached the westerly curb. The defendant was driving south on the west side of Elm Street. His headlights were lighted. These facts were not disputed.

The facts surrounding the movements of the parties and the state of traffic were not so much in dispute as obscure. This was largely because the testimony of the plaintiff was taken in part with the aid of an interpreter and in part without. It is also obvious that the plaintiff did not always understand the questions even when asked through the interpreter. The opportunity of both court and jury to see and hear the witness testify under these circumstances is of particular significance in the interpretation of the verdict. *Lampe* v. *Simpson,* 106 Conn. 356, 358, 138 Atl. 141. An examination of the evidence discloses, however, that the jury could reasonably have found the following additional facts:

The plaintiff, a man sixty years old, had, on the day in question, secured a job for the first time in five years. He started for his place of employment as night watchman, walking south on the east side of Elm Street. When he reached a point opposite the north sidewalk of Commercial Street he stopped, looked and saw a car coming from the south. He waited for this car to pass and then saw a car approaching him on Commercial Street. He looked again, saw no car on Elm Street and started to cross. The car approaching from Commercial Street stopped and then made a left turn into Elm Street. The plaintiff also allowed this car to pass in front of him, con-

tinued on his way, and was struck by the right front of the defendant's car when he was three or four feet from the west curbing. The plaintiff did not see the car of the defendant until he was struck. The defendant first saw the plaintiff when he appeared in the beam of his left headlight five or six feet in front of his car. He made no attempt to turn.

While the defendant was going slowly, he was approaching an intersection, a crosswalk and a grade crossing with good visibility and could have reasonably been found negligent in not seeing the plaintiff in time to avoid hitting him by stopping or turning slightly to the left. The plaintiff was crossing the street on a crosswalk, as was his right. He was faced by a fairly complicated traffic situation. He used due care in allowing two cars to pass in front of him and his failure to observe the car of the defendant may have been due to the passing of the other cars between him and it. The question of his contributory negligence was for the jury.

The cases on which the defendant relies are so-called "pedestrian cases," but can be distinguished on their facts. In *Hizam* v. *Blackman,* 103 Conn. 547, 131 Atl. 415, the plaintiff, hard of hearing, was crossing between streets with his back partly turned to the approaching car, the only one on the street. The plaintiff in *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 84 Atl. 301, also hard of hearing, walked into a trolley car in broad daylight. This case, as did *Bujnak* v. *Connecticut Co.,* 94 Conn. 468, 109 Atl. 244, *Paskewicz* v. *Hickey,* 111 Conn. 219, 149 Atl. 671, and *Correnti* v. *Catino,* 115 Conn. 213, 160 Atl. 892, involved the last clear chance doctrine, not claimed here. Furthermore, the last two cases resulted in defendants' verdicts. A defendant's verdict in this case would not have been disturbed.

While the action of the trial court in setting aside the verdict is entitled to great weight, the evidence in this case was such that the motion should have been denied. *Russell* v. *Vergason,* 95 Conn. 431, 111 Atl. 625; *Woodhull* v. *Connecticut Co.,* 100 Conn. 361, 124 Atl. 42; *Porcello* v. *Finnan,* 113 Conn. 730, 156 Atl. 863.

There is error and the cause is remanded with direction to render judgment on the verdict.

In this opinion AVERY and BROWN, Js., concurred.

HINMAN, J. (dissenting). I regard as an understatement the characterization, in the opinion, of the record as to the facts concerning the movements of the parties and the state of the traffic as "obscure." Making liberal allowance for the difficulties of the plaintiff in understanding and in making himself understood, I maintain that it was incumbent upon him to make out a more intelligible case indicating negligence of the defendant and negativing contributory negligence than is disclosed by the evidence. It seems to me that the memorandum of decision shows that the trial court gave the plaintiff the benefit of the most favorable construction that the evidence will reasonably bear, and that it was right in setting the verdict aside.

In this opinion MALTBIE, C. J., concurred.