KATHERINE GILMAN *v.* ALBERT POTT.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.
Argued March 8—decided April 5, 1939.

*William Reeves,* with whom, on the brief, was *Samuel G. Payne,* for the appellant (defendant).

*David Goldstein,* with whom was *Paul Goldberg,* and, on the brief, *Alvin W. Peck,* for the appellee (plaintiff).

PER CURIAM. The plaintiff was crossing Connecticut Avenue in Stratford and had almost reached the opposite curb when she was struck by an automobile driven by the defendant. The finding can be corrected in no way that will advantage the defendant but he claims that, even on the finding as made, he was not negligent and that the plaintiff was guilty of contributory negligence as a matter of law. The defendant saw the plaintiff crossing the street from east to west when she was a little beyond the middle of it and he was sixty feet away. He then gave his attention to controlling his car because of the slippery condition of the street and to looking for traffic upon an intersecting street. When about ten or twelve feet from the plaintiff he put his brakes on gently but kept a straight course, striking her when she was about to step to the curb. Under these circumstances no extended discussion of a finding that the driver was negligent is required. He bases his claim that the plaintiff was guilty of contributory negligence on the fact that, although she looked before she started to cross and again when she reached the center of the street, she did not see the car before it hit her. While no two negligence cases are exactly alike, *Nevulis* v. *Wentland,* 124 Conn. 116, 197 Atl. 883, and *Skovronski* v. *Genovese,* 124 Conn. 482, 200 Atl. 575, are very much in point. As in *Alston* v. *Consolidated Motor Lines, Inc.,* 118 Conn. 707, 173 Atl. 899, the truck which struck the plaintiff might have been obscured by the

curve in the road when he looked, so here the defendant's car may have been hidden by a truck approaching from the same direction. The fact that it was snowing fairly hard would reduce visibility. The question of the contributory negligence of the plaintiff was, under the circumstances, one of fact for the trier. *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 250, 21 Atl. 675, 22 id. 544.

There is no error.