THOMAS KEELING *v.* NEUSS FLOOR COVERING COMPANY, INC., ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 6—decided June 26, 1940.

*Harrison D. Schofield,* for the appellants (defendants).

*Samuel E. Friedman,* with whom was *Samuel J. Tedesco,* for the appellee (plaintiff).

PER CURIAM. Taking the evidence in the light most favorable to the plaintiff, the jury could reasonably have found the following facts: He was struck and injured by a truck of the defendant while crossing State Street in Bridgeport at a point some distance from any street intersection or usual crosswalk. He passed between two parked cars and went a foot or two beyond them, looked to the right and left but saw no car approaching. He then proceeded to walk slowly straight across the street without looking again for approaching traffic. When he had proceeded some eighteen feet to a point a little beyond the middle of the street he saw the truck coming toward him from his left, some twenty feet away, and was almost immediately struck by the left front

of it. The truck had been approaching along the street for some four or five hundred feet, at a speed of fifteen to twenty miles an hour. Its driver did not see the plaintiff until he was within seven or eight feet of him; he then put on his brakes, and while the car skidded slightly, it stopped within four or five feet after striking the plaintiff. After the accident the plaintiff lay on the pavement directly in front of the truck. It was sleeting somewhat at the time. The plaintiff could have seen a car approaching when it was one hundred to one hundred and fifty feet away. The pavement was somewhat slippery. The traffic on the street was heavy at the time, although there was a distance of about two hundred feet between the plaintiff's truck and the next car ahead of it proceeding in the same direction.

Under these circumstances the jury could reasonably have concluded that the driver of the truck was negligent in not seeing the plaintiff and avoiding the accident, either by stopping his truck or turning it sufficiently to the right to avoid striking him. In crossing the street the plaintiff was bound to exercise a reasonable lookout for approaching traffic, and if no reasonable conclusion were possible other than that the plaintiff when he looked should have seen the truck approaching under circumstances involving a risk of injury to him, he would be guilty of negligence as matter of law. *Paskewicz* v. *Hickey,* 111 Conn. 219, 221, 149 Atl. 671; *Puza* v. *Hamway,* 123 Conn. 205, 211, 193 Atl. 776. Under the circumstances of this case we cannot say that as matter of law the plaintiff, in the performance of that duty, should have seen the truck when he paused to look for approaching traffic or that, not having seen it, he was guilty of negligence in proceeding without looking again. *Woodhull* v. *Connecticut Co.,* 100 Conn.

361, 365, 124 Atl. 42; *Sinkus* v. *Stein*, 112 Conn. 677, 152 Atl. 135; *Skovronski* v. *Genovese*, 124 Conn. 482, 483, 200 Atl. 575.

There is no error.