LESLIE WILSON ET AL. *v.* ARTHUR P. BLISS ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 3—decided June 12, 1947

*James M. Lynch,* with whom, on the brief, was *John F. Tobin,* for the appellants (plaintiffs).

*Stephen K. Elliott,* with whom was *Francis B. Feeley,* for the appellees (defendants).

PER CURIAM. On the dark and misty evening of December 24, 1945, the plaintiff Wilson, with five passengers, was driving east from Waterbury toward Cheshire on an icy state highway, eighteen feet wide with four-foot shoulders on each side. There were no chains on his car. The defendant Wynkoop, as agent of the defendant Bliss, was driving the latter's car, equipped with chains, west on the same highway. As Wilson approached a dangerous curve in the highway, another car headed east was stalled on or near the center of the highway. The driver of the stalled car signaled Wilson to stop. The latter pulled to the north, his left, and applied his brakes. His car went into a skid, turned completely around and finally collided with the Bliss car. As Wynkoop approached the curve he slowed to about twenty miles per hour and reduced his speed still further as he rounded it. He then saw the two cars described about one hundred and fifty feet ahead of him. At that time the Wilson car was out of control and in the middle of its spin. Wynkoop attempted to drive the Bliss car towards the northerly shoulder, his right,

and when its front end was off the cement portion of the highway and on the north shoulder the right side of the Wilson car came into collision with the Bliss car. The trial court concluded that the negligence of Wilson was the sole proximate cause of the accident and that Wynkoop was free from negligence.

The plaintiffs moved to correct this finding by adding a paragraph of their draft finding to the effect that Wynkoop could have stopped his car in time to avoid the collision, and they have had certified a portion of Wynkoop's testimony in support of the motion. This motion, authorized by Practice Book (1922) p. 308, § 9, is no longer a part of appellate procedure. Error is now directly assigned. Practice Book (1934) p. 101, § 345.

The addition of the paragraph in question would not help the plaintiffs. It is obvious that when Wynkoop rounded the curve he was faced with an emergency not due to his negligence, and two possible courses of conduct were open to him. He could attempt to stop or he could try to get out of the way of the car skidding toward him by turning onto the shoulder of the road. The conclusion of the court that he was not negligent, under the circumstances, in following the latter course was one which the facts justified. See *Puza* v. *Hamway*, 123 Conn. 205, 213, 193 A. 776. The guests in Wilson's car, even though their contributory negligence is not in issue, cannot recover without proof of Wynkoop's negligence.

There is no error.