MAURICE BRANCH *v.* MASHKIN FREIGHT LINES, INC., ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 3, 1947—decided January 9, 1948

*Julius B. Schatz,* with whom were *Joseph P. Kenny* and, on the brief, *Arthur D. Weinstein,* for the appellants (defendants).

*Dennis P. O'Connor,* with whom was *John W. Joy,* for the appellee (plaintiff).

JENNINGS, J.  The plaintiff, a pedestrian, was struck at an intersection in Hartford by the truck of the named defendant, driven by the other defendant, its agent Raymond Audet, hereinafter referred to as the defendant.  The defendants have appealed from the denial of their motion to set aside the plaintiff's verdict and from the judgment.

The jury reasonably could have found the following facts:  Asylum Street in Hartford is one way for westerly traffic and thirty-two feet wide.  Ann Street is forty feet wide and intersects Asylum Street at right angles.  There was a bus station at the northeast corner.  At the time of the accident the only cars definitely placed at the scene were a Greyhound bus parked on the north side of Asylum Street, its front even with the east curb of Ann Street, and the truck driven by the defendant.  The date was July 29, 1945, the time 2:30 a.m. and the weather rainy.

The defendant drove a small truck west on Asylum Street at a fast rate of speed and turned right on Ann Street.  The plaintiff had been driven to Ann Street by Charles Walker, who parked on the west side of Ann north of Asylum.  The plaintiff got out of the car, took his wife's bag from the trunk, walked on Ann Street to the corner of Asylum and stopped.  The traffic lights were blinking yellow.  He then started east to cross to the station where his wife was preparing to take a bus.  He was struck on the

crosswalk about six or seven feet from the east curb as the truck rounded the bus and turned into Ann Street. He did not see the truck before it hit him.

This situation creates a typical jury case on liability. From the respective positions of the parties just before the impact, the bus may well have prevented the plaintiff from seeing the lights of the truck, and even if he had he might not have anticipated the turn into Ann Street. Precedent is of little assistance in such cases since each must be decided on its own facts. *Lutzen* v. *Henry Jenkins Transportation Co.,* 133 Conn. 669, 672, 54 A. 2d 267; see also the following illustrative cases: *Russell* v. *Vergason,* 95 Conn. 431, 434, 111 A. 625; *Perry* v. *Haritos,* 100 Conn. 476, 479, 124 A. 44; *Skidmore* v. *Dann,* 102 Conn. 756, 129 A. 640; *Sinkus* v. *Stein,* 112 Conn. 677, 152 A. 135; *Nevulis* v. *Wentland,* 124 Conn. 116, 118, 197 A. 883.

It was undisputed that the plaintiff's principal injury was a comminuted fracture of the tibia extending into the knee joint and causing hemarthrosis. He was hospitalized for over one month, was out of work nearly a year and a half and incurred bills, not including his loss of wages, of $855. His wages before the injury were $44 a week when he worked five days and $53 when he worked six days. The jury reasonably could have found that the condition of his knee has prevented him from getting steady work and that he has a permanent disability there of 25 per cent. The verdict of $7500 was not excessive. Other cases are not particularly helpful, but *Briggs* v. *Becker,* 101 Conn. 62, 124 A. 826, is strikingly similar as to the character of the injury, the permanent disability and the damages awarded. There was no error in the denial of the motion to set the verdict aside.

The statement of facts is sufficient to test the charge. Charles Walker, who drove the plaintiff to Ann Street, did not testify. The plaintiff said that he did not see Walker after he left the car, nor does it appear that Walker even saw the accident. Be that as it may, the plaintiff gave the defendants Walker's address in his statement to their investigator so that he was equally available to them. Under such circumstances the court was not required to comply with the defendants' request that it charge that Walker's testimony, if produced, would be antagonistic to the plaintiff's claims. *Fierberg* v. *Whitcomb*, 119 Conn. 390, 397, 177 A. 135.

At the close of the charge, the defendants excepted on the ground that the court should have commented on the fact that a witness testified that the truck was going fast. The court might well have complied but its failure to do so was not error. "It is not incumbent upon a court to define words in ordinary use when used in their ordinary sense." *State* v. *Enanno*, 96 Conn. 420, 427, 114 A. 386; Conn. App. Proc. § 50. The charge adequately covered the defendants' remaining requests insofar as they were entitled to them. The reason for the objection to the plaintiff's testimony with reference to his earnings was not given nor is it apparent.

There is no error.

In this opinion the other judges concurred.