NATHAN M. POLLACK ET AL. *v.* RO-AN OF NEW ENGLAND, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV-14-6111-5795

Argued December 15—decided December 18, 1961

*Theodore A. Lubinsky,* of West Hartford, with whom was *I. Albert Lehrer,* of West Hartford, for the appellant (defendant).

*Robert I. Ellis,* of Hartford, for the appellees (plaintiffs).

PER CURIAM. The plaintiffs brought an action in summary process against the defendant. Judgment for possession having been entered for the plaintiffs, the defendant appealed. On November 28, 1961, a document purporting to be a bond with surety to answer for all rents that may accrue pending the appeal was filed. The purported bond was executed by one Harry Lolas, as principal, a stranger to the action.

Section 52-542 of the General Statutes provides: "When any appeal is taken by the defendant in an action of summary process, he shall give a sufficient bond with surety to the adverse party . . . ." The sole question to be determined is whether the statute requires that the defendant execute the bond as principal, or whether a sufficient bond executed by a stranger to the action may be given to answer for all rents that may accrue to the plaintiffs.

"The fundamental rule for the construction of statutes is to ascertain the intent of the legislature. This intention must be ascertained from the Act itself, if the language is plain." *Hazzard* v. *Gallucci,* 89 Conn. 196, 198; *Kelly* v. *Dewey,* 111 Conn. 281, 284, 285. A court is powerless to add to the wording of a statute which is clear and direct. *McPadden* v. *Morris,* 126 Conn. 654, 656. It is not essential

to define words in ordinary use when used in their ordinary sense. *Branch* v. *Maskin Freight Lines, Inc.,* 134 Conn. 278, 281.

The pronoun "he" in the statute in question can refer only to the word "defendant." To exercise his right to appeal under the statute, the defendant was under a duty to give a bond. Both right and duty are personal to the defendant. In this case, the defendant did not execute any bond. The bond, executed by Harry Lolas, a stranger to the action, does not comply with the requirements of the statute. See *Palmer* v. *Des Reis,* 136 Conn. 627; Maltbie, Conn. App. Proc. § 275.

The appeal is dismissed.

HOLDEN, MONCHUN and YESUKIEWICZ, Js., participated in this decision.