J-S62042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS BUSH | |
| Appellant | No. 208 EDA 2014 |

Appeal from the Judgment of Sentence December 17, 2013
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000171-2013

BEFORE:  ALLEN, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                               **FILED APRIL 01, 2015**

Thomas Bush appeals from the judgment of sentence imposed on December 17, 2013, in the Court of Common Pleas of Bucks County.  Bush was found guilty by a jury of burglary, criminal trespass, theft, receiving stolen property, and conspiracy.[1]  He received an aggregate sentence of 20-42 years' incarceration.  In this timely direct appeal, Bush raises three issues.  He claims: (1) a Pa.R.Crim.P. 600 speedy trial violation, (2) trial court error in failing to declare a mistrial after a witness mentioned Bush's prior criminal record, and (3) a Pa.R.Crim.P. 704 speedy sentence violation.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

---

[1] 18 Pa.C.S. §§ 3502(a), 3503(a)(1)(ii), 3925(a), 3304(a)(2) and 903/3304 respectively.

The parties are familiar with the factual and procedural background, so we will not repeat it here. Rather, we adopt the trial court's recitation found in the Pa.R.A.P. 1925(a) Opinion, 3/24/2014, at 1-4.

In Bush's first issue, he claims his right to a speedy trial was violated when he was not tried within 180 days, relying on Rule 600 regarding pretrial incarceration.[2] The written complaint in this matter was filed on September 13, 2012 and Bush was arraigned the next day. He was

---

[2] Pa.R.Crim.P. 600 states, in relevant part:

> (B) Pretrial Incarceration – Except in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of:
>
> (1) 180 days from the date on which the complaint is filed.
>
> ****
>
> (D) Remedies
>
> (2) Except in cases in which the defendant is not entitled to release on bail as provided by law, when a defendant is held in pretrial incarceration beyond the time set forth in paragraph (B), at any time before trial, the defendant's attorney, or the defendant is unrepresented, may file a written motion requesting that *the defendant be released on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law*. A copy of the motion shall be served upon the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(B)(1), (D)(2) (emphasis added).

remanded into custody in lieu of $750,000.00 cash bail.[3] The 180 days expired on March 13, 2013. On March 20, 2013, Bush sought a bail reduction, which was conditionally granted. Bail was reduced to R.O.R.,[4] with the proviso that Bush was to be subject to house arrest, provide proof of an acceptable address and was to have no contact with either the victim or his co-defendant. *See* Order, March 22, 2013. Importantly, Bush's co-defendant was his girlfriend, Kimberlee Martin, with whom he had lived. Because Bush, who was originally from Florida, had no other place to live than his girlfriend's trailer, which was in the same park as the victim's trailer, he could not meet the terms of his bail. Accordingly, he was not released from custody. Trial commenced on August 2, 2013 when jury selection began. *See Commonwealth v. Robinson*, 446 A.2d 895 (Pa. 1982) (trial commences at jury selection). Accordingly, trial began 323 days after the complaint was filed.

Initially, we note, "[w]ith regard to claims brought under Rule 600, we must determine whether the trial court committed an abuse of discretion." *Commonwealth v. Murray*, 879 A.2d 309, 312 (Pa. Super. 2005) (citation omitted). Additionally,

---

[3] To be released on bail, Bush could post 10% of the amount along with proof of address.

[4] **R**eleased on **O**wn **R**ecognizance.

> [w]hen considering the trial court's ruling, an appellate court may not ignore the dual purpose behind Rule 600. *Id*. [*Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa. Super. 2004)(*en banc*)] The Rule serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. *Id.*

> > In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

> *Id*. (*quoting Commonwealth v. Aaron*, 804 A.2d 39, 42 (Pa. Super. 2002)(*en banc*)). So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. *Id.* In considering these matters, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. *Id.* "Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system." *Id.*

*Id*. at 312-13.

As discussed, after the 180-day period elapsed, the trial court reduced Bush's bail to nominal bail and non-monetary considerations. In this regard, we note nominal release is not the same as unconditional release. *See Commonwealth v. Sloan*, 907 A.2d 460, 468 (Pa. 2006). Accordingly, a trial court may impose reasonable conditions upon the release of a defendant pursuant to Rule 600(E). Moreover, there may also be some

circumstances wherein a court may deem a defendant too dangerous to be released even subject to conditions. *See Commonwealth v. Jones*, 899 A.2d 353 (Pa. Super. 2006). Here, the conditions were designed to protect society by keeping Bush away from both the victim and his co-defendant girlfriend, who, it turned out, later testified against Bush.[5] We note the Commonwealth did nothing to interfere with Bush's attempt to meet the conditions of release pursuant to R.O.R. Accordingly, the integrity of the trial and safety of the witnesses could only be insured if Bush could meet the conditions imposed upon him. He could not.

Finally, Rule 600(A)(2)(a) provides that a "trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed."

> [A] violation of Rule 600 does not automatically entitle a defendant to a discharge. *Aaron*, 804 A.2d at 43. Furthermore, Rule 600 provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time. [*Commonwealth v.*] *Montgomery*, 861 A.2d [304] at 309. Other than release on nominal bail, no other remedy is prescribed for defendants incarcerated for less than three hundred sixty-five days, even if they were not, in fact, released on nominal bail. *Id.* The only occasion requiring charges to be dismissed occurs if the Commonwealth fails to bring the defendant to trial within three hundred sixty-five days, taking into account all excludable time and excusable delay. *Id.*

_____

[5] Kimberlee Martin, the co-defendant, entered into a plea agreement with the Commonwealth. Felony charges against her were dropped in exchange for her testimony against Bush. *See* N.T. Trial, 8/6/2013, at 54.

***Commonwealth v. Murray***, 879 A.2d at 314.

As noted previously, Bush was tried within the 365 days mandated by Rule 600. Therefore, given that the conditions placed on Bush were reasonable and were designed to protect both the integrity of the trial and to protect the community, the Commonwealth did nothing to evade the requirements of Rule 600, and Bush was ultimately tried within the permissible period, he is entitled to no relief, despite his continued pre-trial incarceration in excess of 180 days.

Bush's second claim is that the trial court erred in failing to declare a mistrial when one of the Commonwealth's witnesses, Brian Wright, a fellow inmate at the Bucks County Correctional Facility, referred to Bush's criminal history. Wright testified on August 5, 2013, regarding conversations he had with Bush, who was his cellmate. On direct examination, Wright testified how the two men spoke to each other about their crimes.

> Q: So when you say you talked about your cases with Mr. Bush, what sort of things did you talk about?
>
> A: Basically I would talk about – I got two codefendants in my case. I would talk about what happened with my case. And then he would tell me what happened in his case.
>
> And basically laying the details down what he did, you know. What he wants to do in [] court, whether he was going to plead guilty, not plead guilty. But numerous times, you know what I mean, he told me he did the crime.

Q: Let's talk about that. When you say he said he did the crime, what did he actually say?

A: He said he tried to break into the house with a crowbar. That didn't work so he kicked the door in. Went in the house, took laptops, cell phones, Nook books, or the iPod, whatever they were, desktop computers. And they hid it under his girlfriend's trailer.

Q: Now why would he say this to you?

A: I'm the only one he had to talk to, you know what I mean? When you're in jail you're stressing, you have nobody to talk to.

And you want to basically get feedback of what people say or what you tell them and see, you know, what he's looking at, how much time he's looking at.

And basically I told him – he'll tell you. So I told him numerous times I would take [sic] two to four, two and a half to five, because, you know, with his record and everything like that, but--

Defense Counsel: Objection, Your Honor.

N.T. Trial, 8/5/2013, at 207-208.

The jury was then removed from the room while the objection was discussed. After the jury was brought back into the courtroom, the trial judge instructed them:

The Court: All right. Ladies and gentlemen, in my preliminary instructions I told you there will be times when I have to sustain objections, times I will overrule them, and on occasion, I will order things stricken from the record. And I will tell you at times you will have to disregard certain evidence. This is one of those times.

> If you recall, the witness made reference to the defendant's record. This witness wouldn't have no – not have any way of knowing that. At least from my perspective it's not relevant at this juncture. You will disregard that completely.
>
> People find themselves in the institution for a variety of reasons. They could be serving a sentence. They could be there for non-support. They could be there because they can't make bail.
>
> You're not to consider the statement about his prior record at all. It's to be stricken and it's not to be, once again, considered by you in your deliberations.
>
> All right. Is that satisfactory, gentlemen?
>
> Defense Counsel: Despite my reservation, Your Honor.
>
> The Court: Yes. Mr. Williams has an objection. That objection with the curative instruction is not being waived.

*Id*. at 213-214.

"The decision of whether to declare a mistrial in a criminal prosecution is within the sound discretion of the trial court and will not be reversed on appeal absent abuse of discretion." *Commonwealth v. Vazquez*, 617 A.2d 786, 788 (Pa. Super. 1992).

There are multiple factors to examine in a situation such as this, where a witness has proffered improper testimony.

> Not all references which may indicate prior criminal activity require reversal. Mere passing references to criminal activity will not require reversal unless the record indicates that prejudice resulted from the reference.
>
> *Commonwealth v. Blystone*, 555 Pa. 565, 725 A.2d 1197, 1204-05 (1999). "The nature of the reference and whether the

remark was intentionally elicited by the Commonwealth are considerations relevant to the determination of whether a mistrial is required." *Commonwealth v. Richardson*, 496 Pa. 521, 437 A.2d 1162, 1165 (1981)(citation omitted).

*Commonwealth v. Guilford*, 861 A.2d 365, 370 (Pa. Super. 2004).

Also, we look to see if the Commonwealth attempted to exploit the information. *See Commonwealth v. Valerio*, 712 A.2d 301, 304 (Pa. Super. 1998). Further, we note:

> A singular, passing reference to prior criminal activity is usually not sufficient to show that the trial court abused its discretion in denying the defendant's motion for a mistrial. *Id*.; *Commonwealth v. Allen*, 448 Pa. 177, 181, 292 A.2d 373, 375 (1972). When the trial court provides cautionary instructions to the jury in the event the defense raises a motion for mistrial, "[t]he law presumes that the jury will follow the instructions of the court." *Commonwealth v. Brown*, 567 Pa. 272, 289, 786 A.2d 961, 971 (2001) (citation omitted), *cert. denied,* 537 U.S. 1187, 123 S.Ct. 1351, 154 L.Ed.2d 1018 (2003).

*Commonwealth v. Parker*, 957 A.2d 311, 319 (Pa. Super. 2008).

Instantly, the comment was not elicited by the Commonwealth. Rather, the witness made a passing comment upon the nature of the conversation between he and the defendant that referenced Bush having some manner of criminal history. The trial court gave a prompt curative instruction to the jury that the remark was not relevant and they were not to consider it. The witness made only the single passing reference to Bush's past which the Commonwealth did not seek to exploit. Finally, while Bush was convicted on several charges, he was also acquitted of five charges,

including multiple conspiracy charges. All of the foregoing indicates a lack of prejudice to Bush.[6] Accordingly, Bush is not entitled to relief on this issue.

Finally, Bush claims he was sentenced in violation of Pa.R.Crim.P. 704, which provides sentence generally be imposed within 90 days of conviction.

> The appropriate remedy for a violation of Pa.R.Crim.P. 1405 [now Pa.R.Crim.P. 704], is discharge. However, the remedy does not automatically apply whenever a defendant is sentenced more than [ninety] days after conviction without good cause. Instead, a violation of the [ninety-day] rule is only the first step toward determining whether the remedy of discharge is appropriate.
>
> * * *
>
> [A] defendant who is sentenced in violation of Pa.R.Crim.P. 1405 [now Pa.R.Crim.P. 704], is entitled to a discharge only where the defendant can demonstrate that the delay in sentencing prejudiced him or her.... [T]o determine whether discharge is appropriate, the trial court should consider:

---

[6]  The instant fact pattern is strikingly similar to **Valerio**:

> The Commonwealth requested the sidebar after the statement was made, made no effort to exploit the statement and, in fact, requested the curative instruction. Also, the trial court in a prompt and timely manner instructed the jury to disregard the trooper's statement. We find that the trial court's cautionary instruction was sufficient to cure any error, and it is presumed that the jury followed the court's instructions. **Commonwealth v. Travaglia**, 541 Pa. 108, 661 A.2d 352 (1995). Additionally, as the trial court noted, Appellant was acquitted of several of the more serious offenses with which he was charged. For all of the foregoing reasons, we find that no prejudice resulted from the statement.

**Valerio**, 712 A.2d at 304.

- 10 -

(1) the length of the delay falling outside of [the Pa.R.Crim.P. [90–day–and–good–cause provisions]; (2) the reason for the improper delay; (3) the defendant's timely or untimely assertion of his rights; and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights. Prejudice should not be presumed by the mere fact of an untimely sentence. Our approach has always been to determine whether there has in fact been prejudice, rather than to presume that prejudice exists. The court should examine the totality of the circumstances, as no one factor is necessary, dispositive, or of sufficient importance to prove a violation.

*Commonwealth v. Anders*, 555 Pa. 467, 725 A.2d 170, 172-173 (1999) (footnotes and internal citation omitted).

*Commonwealth v. Diaz*, 51 A.3d 884, 887 (Pa. Super. 2012).

We begin by noting that Bush was convicted on August 7, 2013, and was not sentenced until December 18, 2013. We count the time between conviction and sentencing at 133 days, inclusive. Whatever the precise count of days, Bush was sentenced beyond the 90-day suggested time period found in Rule 704(A)(1). Nevertheless, Bush is required to demonstrate actual prejudice before his conviction can be discharged. Here, his only claim is that he was sentenced past the 90-day period without good cause. *Diaz* clearly states that the mere fact of an untimely sentence is insufficient to demonstrate actual prejudice. For this reason alone, Bush is not entitled to relief.

We also note that sentencing was delayed upon request of the Commonwealth, in order to complete the presentence report. The Commonwealth further asserts that when the continuance was requested, Bush voiced no objection. Pursuant to *Commonwealth v. Adams*, 760

- 11 -

A.2d 33 (Pa. Super. 2000), the failure to object to a continuance request waives any subsequent claim of a Rule 704 violation. Although at the sentencing hearing on December 18, 2013, Bush claimed he had not waived his Rule 704 rights, the trial court accepted the Commonwealth's assertion that he had not objected to the continuance.[7] *See* Trial Court Opinion, 3/24/2014, at 9. Accordingly, this claim may be deemed subject to waiver.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2015

---

[7] Because the circumstances of the continuance are not fully revealed in the certified record, and the original date of sentencing, and the request for continuance are not provided, we are not relying solely upon waiver in addressing this issue.